Donald Ray **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–91–122–CR.

Court of Appeals of Texas, Waco.

June 10, 1992.

---

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, Crim. Dist. Atty., Crawford Long, Kenneth L. Ables, Asst. Dist. Attys., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Donald Ray Richardson was indicted for attempted murder. A jury convicted him of the lesser-included offense of aggravated assault and assessed twelve years imprisonment. *See* TEX.PENAL CODE ANN. § 22.02 (Vernon Supp.1992). The court ordered that the sentence be cumulated with a prior sentence for possession of cocaine. *See* TEX.CODE CRIM.PROC.ANN. art. 42.08 (Vernon Supp.1992).

In three points, Richardson alleges that there is no evidence to support the court's charge on the lesser-included offense of aggravated assault and that the court erred in failing to rule on the admissibility

of a prior conviction prior to trial and in cumulating his sentences. We will overrule the points and affirm the judgment.

## FACTS

Richardson was indicted for the attempted murder of David Lang. Lang testified that he was taking Cynthia Nowlin, a woman whom he had just met, home from his uncle's house. He briefly stopped at a lounge to leave a message with a friend while Nowlin and her three-year-old daughter remained in the car. Shortly after leaving the lounge, Lang's vehicle was forced off the road and into a "No Parking" sign by a truck. Richardson, a man Lang had never seen before, exited the truck and approached Lang with a pistol saying, "I'm going to kill you." Richardson attacked Lang, hitting him in the face. He shot Lang once in the abdomen and then ordered Nowlin out of the car.

Nowlin testified that she and her daughter were riding home with Lang when Richardson ran the car off the road. Richardson approached the car holding a small gun and began beating Lang in the face. Nowlin did not hear Richardson threaten to kill Lang. She heard one shot. On cross-examination, she testified that Richardson had the opportunity to shoot Lang more than once, that he could have killed Lang if he had wanted to, and that someone intent on killing in that situation had ample opportunity to do so. Nowlin also testified that she and her daughter left with Richardson in his truck, that she did not call the police because she was afraid of him, and that she and Richardson lived together for approximately four months after the shooting.

Richardson presented no evidence, did not object to the charge, and did not request any special instructions. The court's submission of the lesser-included offense of aggravated assault authorized the jury to find Richardson guilty of aggravated assault if it found that he caused bodily injury to Lang by shooting him with a deadly weapon or with a firearm.

## LESSER–INCLUDED OFFENSES

In his first point, Richardson asserts that the court erred in including the lesser-included offense of aggravated assault in the charge when there was no evidence to authorize the submission. We will overrule this point for two reasons.

When evidence from any source raises an issue that a lesser-included offense may have been committed and a jury charge on the issue is properly requested, the issue must be submitted to the jury. *Ormsby v. State*, 600 S.W.2d 782, 785 (Tex. Crim.App. [Panel Op.] 1979). The credibility of evidence and whether it is controverted or conflicts with other evidence may not be considered in determining whether to instruct on a lesser-included offense. *Moore v. State*, 574 S.W.2d 122, 124 (Tex. Crim.App. [Panel Op.] 1978). It is the jury's duty to weigh the evidence and determine whether the credible evidence supports the offense charged, the lesser-included offense, or neither. *See id.* Both the prosecution and the defendant have the right to insist upon and obtain the submission of a lesser-included offense charge so the jury will not be subjected to the choice of either acquitting or convicting of the greater offense in instances where the jury may be, in reality, convinced of only the lesser-included offense. *Pennington v. State*, 644 S.W.2d 64, 67 (Tex.App.—Austin 1982), *aff'd*, 697 S.W.2d 387 (Tex.Crim.App. 1985).

Richardson asserts that, in determining whether a jury must be instructed concerning a lesser-included offense, a two-step analysis must be applied. *See Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981) (opinion on reh'g). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. *Id.* Second, there must be some evidence in the record showing that if the defendant is guilty, he is only guilty of the lesser offense. *Id.; see also Moreno v. State*, 702 S.W.2d 636, 640 (Tex.Crim.App. 1986). Richardson concedes that aggravated assault is a lesser-included offense of attempted murder and that the first prong was satisfied. He argues, however, that

the second prong fails because there is no evidence that he did not intend to kill Lang.

■ This court has stated that the two-step *Royster* analysis is applicable only when the defendant requests that the lesser-included offense be included in the charge, not when the State makes the request. *Doss v. State*, 636 S.W.2d 564, 565 (Tex.App.—Waco 1982, pet. ref'd). Other courts have followed the reasoning in *Doss. Eg., Gottlich v. State*, 822 S.W.2d 734, 738 (Tex.App.—Fort Worth 1992, pet. ref'd); *Angel v. State*, 694 S.W.2d 164, 169 (Tex. App.—Houston [14th Dist.] 1985), *aff'd*, 740 S.W.2d 727 (Tex.Crim.App.1987). We fail to see a distinction based on whether it is the State or the defendant that requests the lesser-included charge. When the court is called upon to give a lesser-included offense charge—no matter who makes the request—the questions confronting the court are: (1) is the lesser-included offense included within the proof necessary to establish the offense charged? and (2) is there some evidence that if the defendant is guilty, he is only guilty of the lesser offense? *Royster*, 622 S.W.2d at 446. Reliance on *Doss* may be misplaced because, although it stated that the *Royster* two-step analysis did not apply, the opinion nevertheless applied the *Royster* test and determined that it had been satisfied. *Doss*, 636 S.W.2d at 566.

■ As Richardson concedes that the first prong of *Royster* has been met, we must determine if the record contains some evidence that if Richardson is guilty, he is only guilty of the lesser offense of aggravated assault. The elements of aggravated assault, as applied to these facts, are (1) a person, who (2) intentionally, knowingly, or recklessly (3) causes serious bodily injury to another, (4) using a deadly weapon. *See* TEX.PENAL CODE ANN. § 22.02; *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Crim.App. 1986). We must examine all of the evidence and determine in the context of the facts if the lesser-included offense was raised. *See id.*

Lang testified that Richardson approached him shouting, "I'm going to kill you," and shot him in the stomach. Now-

lin, however, said she did not hear Richardson threaten to kill Lang. She stated that Richardson shot Lang once with a "real small handgun" and that Richardson could have killed him if he had wanted. Nowlin left the scene with Richardson and did not report the shooting to the police. Richardson presented no evidence, but attacked the credibility of Nowlin and Lang on cross-examination. In closing, his counsel argued for a not-guilty verdict. Counsel also suggested that the two men argued over Nowlin, that Lang pulled the gun on Richardson, and that Lang was shot in the ensuing tussle.

■ There are two ways in which the evidence may indicate that a defendant is guilty only of the lesser offense. First, evidence may refute or negate other evidence establishing the greater offense. *Saunders v. State*, No. 069–90, slip op. at 3 (Tex.Crim.App. May 13, 1992). Second, a defendant may be shown to be guilty of the lesser offense if the evidence presented is subject to different interpretations. *Id.* at 4. Here, we believe that the evidence is subject to two possible interpretations and that the court properly instructed on the lesser-included offense of aggravated assault.

■ Further, failure to object to the charge on the grounds that the evidence does not support submitting a lesser-included offense indicates acquiescence on the part of the accused that the lesser offense was raised by the evidence. *Bradley v. State*, 688 S.W.2d 847, 853 (Tex.Crim.App. 1985). "By invoking the benefit of the lesser included offense charge at trial in not objecting to its submission to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense." *Id.; see also State v. Lee*, 818 S.W.2d 778, 781 (Tex.Crim.App.1991).

For these reasons, we hold that the court did not err in charging on aggravated assault. *See Ormsby*, 600 S.W.2d at 785. We overrule point one.

## PRE–TRIAL RULING ON IMPEACHMENT

Richardson asserts in his second point that the court erred in failing to make a pre-trial ruling on the admissibility of a prior conviction. Prior to trial, Richardson filed a Motion for a Separate Hearing on the Admissibility of Prior Convictions for Impeachment. He argued at the hearing that his prior conviction for aggravated assault was too remote to be admissible. Richardson wanted a pre-trial ruling to determine whether he would testify. The court indicated that the conviction might be admissible, but withheld a ruling on the question.

A conviction is generally not admissible if more than ten years have elapsed since the date of the conviction or of the release from confinement imposed for the conviction, whichever is later. TEX. R.CRIM.EVID. 609(b). However, if the court determines, in the interest of justice, that the probative value of the conviction—supported by specific facts and circumstances—substantially outweighs its prejudicial value, evidence of the conviction may be admitted. *Id.*

Rule 52 of the Rules of Appellate Procedure states:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court.

TEX.R.APP.P. 52(a). Richardson did not secure a ruling on the admissibility of the prior conviction and did not object to the court's failure to make a ruling. The complaint is not preserved for review. *See id.*

Furthermore, Richardson did not testify. The Supreme Court of the United States has held that, to raise and preserve for review a claim of improper impeachment with a prior conviction, a defendant must testify. *Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984). If the defendant does not testify, the reviewing court has no way of knowing whether the State would have sought to impeach him with the prior conviction. *Id.* at 42, 105 S.Ct. at 463. An accused's decision not to testify seldom turns on a single factor, and a reviewing court cannot assume that an adverse ruling—or lack of a ruling—motivated a defendant's decision not to testify. *Id.* We overrule point two.

## CUMULATION ORDER

Richardson asserts in his final point that the court erred in cumulating the aggravated assault sentence with the sentence of a prior conviction because the cumulation order was not entered at the time sentence was pronounced. Article 42.08 of the Code of Criminal Procedure provides in part:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly....

TEX.CODE CRIM.PROC.ANN. art. 42.08 (Vernon Supp.1992). The jury returned a verdict of guilty, and the court pronounced sentence as confinement for twelve years. The State asked the court to cumulate the sentence with the prior sentence. The court ordered the sentences to run consecutively.

Richardson argues that the court's "pronouncement" was the twelve-year sentence. He asserts that the cumulation order was made *after* the judgment and sentence were "pronounced," and is therefore improper. *See id.* Richardson cites *Ex parte Vasquez* for the proposition that, if the court is to cumulate sentences, it must do so at the time of pronouncement of the sentence. *See Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex.Crim.App.1986). In *Vasquez*, the court cumulated the sentence three days after it was pronounced. *Id.* We hold that the court's order cumulating Richardson's sentences was made at the time of pronouncement. We overrule point three and affirm the judgment.