Forrest LOCKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–92–204–CR.

Court of Appeals of Texas,
Waco.

June 16, 1993.

Rehearing Denied Aug. 25, 1993.

Brian J. Fischer, Houston, Ed Wheeler, Law Officer of Frank A. Hale, Pasadena, for appellant.

David S. Barron, Dist. Atty., Anderson, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Forrest Locke was indicted for attempted murder. He plead not guilty and claimed self-defense. After presentation of the evidence, the court instructed the jury on attempted murder and self-defense and, on the State's request, instructed the jury on the lesser-included offense of attempted voluntary manslaughter. The jury rejected self-defense and convicted Locke of the lesser-included offense, assessing punishment at three years' confinement. In his sole point

on appeal, Locke argues that the court erred in instructing the jury on attempted voluntary manslaughter because the evidence produced at trial was insufficient to raise the issue of sudden passion. We disagree and will affirm the conviction.

■ Voluntary manslaughter can only be considered a lesser-included offense to murder when some evidence of sudden passion exists. *Bradley v. State*, 688 S.W.2d 847, 851 (Tex.Crim.App.1985). Similarly, attempted voluntary manslaughter may be a lesser-included offense of attempted murder. *Ethridge v. State*, 634 S.W.2d 382, 384 (Tex. App.—Austin 1982), *aff'd*, 648 S.W.2d 306 (Tex.Crim.App.1983). When evidence raises the issue of sudden passion, the State bears the burden of negating it beyond a reasonable doubt as an element of murder. *Bradley*, 688 S.W.2d at 851. Such evidence, whether produced by the state or the defendant, strong or weak, unimpeached or contradicted, requires that the court include the lesser-included offense in the charge when requested. *Rousseau v. State*, 855 S.W.2d 666 (Tex.Crim.App.1993) (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985)). It is of no consequence which party requests the lesser charge as long as the evidence is sufficient to raise the issue. *Richardson v. State*, 832 S.W.2d 168, 171 (Tex.App.—Waco 1992, pet. ref'd). Further, the issue of self-defense, whether pled by the defendant or raised by the evidence, *entitles* neither party to an instruction on the lesser-included charge. *Bradley*, 688 S.W.2d at 852; *see also Richardson*, 832 S.W.2d at 171. Rather, the essential inquiry is whether the evidence raises the issue of sudden passion arising from adequate cause. *Bradley*, 688 S.W.2d at 852.

■ In determining whether to submit a charge on a lesser-included offense, the court applies the two-prong test of *Rousseau:*

First, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.

*Rousseau*, 855 S.W.2d at 673 (emphasis in original indicating a modification of *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App. 1981)). We focus here on the second prong of the test. This case presents the issue of whether the evidence produced at trial is sufficient to support the instruction on attempted voluntary manslaughter as a lesser-included offense.

■ The jury heard testimony sufficient to support submission of the charge. On Sunday, June 10, 1990, Michael Klentz, his brother Patrick, Cindy Hrozek, and the victim Allen Byrd traveled to Locke's home. With the exception of Cindy Hrozek, who was the designated driver, all had indulged in drinking beer and whiskey. The group conversation was friendly until Locke and Byrd began discussing Byrd's younger brother, Troy, who was dating one of Locke's daughters. The testimony is disputed about who initiated the argument but nonetheless centers on some disparaging remarks Locke allegedly made about Troy. Byrd sought to vindicate his brother's honor with a blow to Locke's face, which either knocked Locke to the ground or caused him to slip and fall. No further altercation ensued. Cindy Hrozek immediately ordered Byrd and the Klentz brothers into her car so they could leave. Only Byrd and Patrick Klentz complied. Michael Klentz remained with Locke for a short time. Michael testified that he apologized to Locke for the incident; however, Locke testified that Michael taunted him, saying "what a good job that Allen had done."

Patrick Klentz and Byrd were in the back seat of Cindy Hrozek's car waiting to leave. Neither Michael Klentz nor Cindy were yet in the car. Believing Byrd to have a gun, Locke proceeded to his garage to get his pistol. He allegedly threatened both Michael and Patrick Klentz with the weapon and shot first into the car at Byrd and then again at him as Byrd exited and came toward him. Locke then left the scene. Testimony varied on the lapse of time from the altercation to the shooting but ranged from one minute to a few minutes. Locke testified that he was "addled pretty good" from getting knocked down.

The evidence introduced at trial demonstrates that a rational juror could find that Locke, reacting to Byrd striking him, acted with passion sufficient to render his mind incapable of cool reflection. *See Rousseau,* 855 S.W.2d at 673; TEX.PENAL CODE ANN. § 19.04(c) (Vernon 1989). We overrule the point and affirm the conviction.