**Fernando Jaramillo PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–95–324–CR.**

Court of Appeals of Texas,
Waco.

March 5, 1997.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

A jury convicted appellant Fernando Jaramillo Perez of the offense of murder. *See* TEX. PENAL CODE ANN. 19.02(b) (Vernon 1994). The jury sentenced him to ninety-nine years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Perez brings this appeal claiming in a single point that the trial court erred in refusing to charge the jury in its punishment charge on the issue of sudden passion arising from adequate cause in mitigation of punishment. We will reverse the judgment and remand for a new punishment hearing.

During the punishment phase of the trial, Perez asked the court to submit an issue to the jury on the question of whether he shot the victim, Genaro Esquivel, under the immediate influence of sudden passion arising from an adequate cause. *See* TEX. PENAL CODE ANN. § 19.02(d) (Vernon 1994). The court denied this request.[1]

Under the 1994 Penal Code, "sudden passion"[2] is a mitigating circumstance at the punishment phase of a murder trial. *Willis v. State,* 936 S.W.2d 302, 308 n. 1 (Tex.App.—Tyler 1996, no pet. h.); *Gaston v. State,* 930 S.W.2d 222, 225 n. 4 (Tex.App.—Austin 1996, no pet. h.); *Welch v. State,* 908 S.W.2d 258, 262 n. 3 (Tex.App.—El Paso 1995, no pet.); TEX. PENAL CODE ANN. § 19.02(d); *but cf. Gaston,* 930 S.W.2d at 225 n. 4 (affirmative defense or mitigating circumstance); *Muhammad v. State,* 911 S.W.2d 823, 828–29 (Tex.App.—Texarkana 1995, no pet.) (affirmative defense); *Ybarra v. State,* 890 S.W.2d 98, 109 (Tex.App.—San Antonio 1994, pet.

John D. Nation, Dallas, for appellant.

John W. Segrest, Criminal District Attorney, Philip D. Frederick, Asst. District Attorney, Waco, appellee.

1. Perez did receive a self-defense instruction during the guilt-innocence phase of the trial. *See* TEX. PENAL CODE ANN. § 9.31(a) (Vernon 1994). This does not deprive him of the right to an instruction on "sudden passion" during the punishment phase, however. *Goff v. State,* 720 S.W.2d 94, 96 (Tex.Crim.App.1986); *Medlock v. State,* 591 S.W.2d 485, 487 (Tex.Crim.App. [Panel Op.] 1979).

2. Where in quotation marks, we use the term "sudden passion" to refer to the entire set of circumstances contemplated by this defensive issue ("under the immediate influence of sudden passion arising from an adequate cause"). *See Ruiz v. State,* 753 S.W.2d 681, 683 n. 3 (Tex. Crim.App.1988); TEX. PENAL CODE ANN. § 19.02(a) (Vernon 1994).

ref'd) (affirmative defense).[3] The current definitions of sudden passion and adequate cause are identical to those set forth in the former voluntary manslaughter statute.[4] Thus, we rely on prior decisions under the voluntary manslaughter law for guidance. *See Roberts v. State,* 590 S.W.2d 498, 501 (Tex.Crim.App. [Panel Op.] 1979).

An accused is entitled to an instruction on every defensive issue raised by the evidence. *Muniz v. State,* 851 S.W.2d 238, 254 (Tex. Crim.App.1993). The evidence raising such an issue may be "strong, weak, contradicted, unimpeached, or unbelievable." *Id.* We leave to the jury the task of assessing the weight and credibility of this evidence. *Hayes v. State,* 728 S.W.2d 804, 809 (Tex.Crim.App. 1987).

■ Any evidence that the accused acted "under the immediate influence of sudden passion arising from an adequate cause" requires the court to submit an issue on this mitigating circumstance. *Fry v. State,* 915 S.W.2d 554, 558 (Tex.App.—Houston [14th Dist.] 1995, no pet.) (citing *Locke v. State,* 860 S.W.2d 494, 495 (Tex.App.—Waco 1993, pet. ref'd)). The testimony of the accused alone can raise this issue. *Medlock,* 591 S.W.2d at 486.

We examine the record for evidence of: (1) a legally adequate cause which would produce an emotional state sufficient to render an ordinary person "incapable of cool reflection;" and (2) the accused's agitated state of mind arising from direct provocation at the hands of the victim at the time of the killing. *Merchant v. State,* 810 S.W.2d 305, 309 (Tex. App.—Dallas 1991, pet. ref'd).

## ELEMENT OF ADEQUATE CAUSE

■ Perez testified that his "best friend" in Mexico had shot him for no apparent reason twenty years' earlier. He described Esquivel as his present "best friend" until about a month before the shooting. Their relationship became strained at that time because he suspected Esquivel was having an affair with his wife. Perez believed that Esquivel regularly carried a handgun in his truck.

At the time of the shooting, Perez felt that Esquivel was challenging him to a fight. He described Esquivel as angry. As they argued, Perez saw Esquivel reach underneath his seat. He thought Esquivel was reaching for his gun. Perez testified that he was afraid. He remembered when his "other best friend" had wounded him. As Esquivel reached under the seat, Perez pulled out his .357 caliber revolver and started shooting.

If they believed Perez' testimony, the jury could have found that Esquivel's reaching under the seat caused Perez to believe he was reaching for a gun. Because of his prior experiences with his other "best friend" and the strained relationship he had with Esquivel, they could have also determined that his belief produced a level of terror which would have rendered an ordinary person incapable of cool reflection. Thus, the record reflects sufficient evidence on which the jury could have found adequate cause. *See Merchant,* 810 S.W.2d at 311.

## ELEMENT OF SUDDEN PASSION

The State contends that although Perez may have demonstrated adequate cause, he offered no evidence of sudden passion. The State argues that his claim of fear does not rise to the level of sudden passion. *See*

**3.** We disagree with our three sister courts which have determined "sudden passion" to be in the nature of an affirmative defense. The Court of Criminal Appeals construed the former "sudden passion" provision to be in the nature of a defense to a murder charge. *Johnson v. State,* 815 S.W.2d 707, 709–10 (Tex.Crim.App.1991). If the jury found "sudden passion" under the former law, the defendant was essentially acquitted of murder and convicted of voluntary manslaughter. *Johnson,* 815 S.W.2d at 709. Under the present law, however, if the jury finds for the defendant on the issue, the defendant has still been convicted of murder; his punishment is

reduced to a lesser level (i.e., second degree murder). *See* Tex. Penal Code Ann. § 19.02(d). Thus, a finding of "sudden passion" only mitigates the punishment which the accused receives.

**4.** *Compare* Tex. Penal Code Ann. § 19.02(a) *with* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 913 (former Tex. Penal Code Ann. § 19.04(b), (c)) *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614.

*Gonzales v. State,* 717 S.W.2d 355, 357 (Tex. Crim.App.1986). We disagree.

In *Gonzales,* there was no testimony indicating the defendant was "emotionally aroused" at the time of the shooting or that he had cause to be aroused. On the contrary, the evidence showed appellant, after witnessing a confrontation between his friend and the victim in a bar, went to his friend's car, retrieved his pistol, waited for the victim, and then shot him after the victim came up behind him and fired a shot. Th[e] Court found the defendant's own testimony indicated he remained cool and composed throughout this confrontation. Thus, the defendant's "mental state did not call for an instruction on voluntary manslaughter." *Gonzales,* 717 S.W.2d at 357.

*Havard v. State,* 800 S.W.2d 195, 217 (Tex. Crim.App.1989) (on rehearing).

■ Evidence of the accused's fear alone does not present the evidence necessary to submit an issue on sudden passion. *Gonzales,* 717 S.W.2d at 357. The evidence must go farther and show that his fear rendered him incapable of deliberate reflection when he shot the victim. *Merchant,* 810 S.W.2d at 310.

In this case, Perez testified that when Esquivel reached under the seat, he pulled out his gun and began shooting. He stated that he was not calm and that he was not thinking at that moment. He described it thus:

Attorney: Okay. What happened next?

Perez: We continued arguing, and he reached his hand underneath the seat.

Attorney: What did you think he was doing when that happened?

Perez: Reaching for something.

Attorney: What did you think he was reaching for?

Perez: A pistol, because he had told me that he was carrying one.

Attorney: What did you think at that time, when you thought he was reaching for a pistol, how—what did you think? Were you afraid? Were you calm?

Perez: I was scared because I know that— I remembered the time that my other best friend had wounded me.

Attorney: Why did you not turn and walk away from the—

Perez: I wasn't thinking. I didn't know what to do in a moment like that. And I was not thinking at that moment. Nothing.

Attorney: Okay. What did you do?

Perez: When he stuck his hand—his one hand down, he put his other hand up like this, (Indicating) [sic] reached down and put his hand up, and I said, what are you going to do. And at the same time that I was saying what are you going to do, I pulled out my weapon. And started shooting.

Attorney: Okay. Did you shoot one shot, two shots? How may shots did you shoot?

Perez: I do not know how many, but I know I hit him.

Perez feared Esquivel was about to shoot him. They were in the midst of a heated argument. Perez testified that he was not thinking when he started shooting and did not know how many shots he fired. If believed, his testimony showed that he was acting under the immediate influence of passion arising from Esquivel's provocation in reaching for his gun. The jury could have found that Perez acted out of "sudden passion" based on this evidence. *See Ray v. State,* 515 S.W.2d 664, 667 (Tex.Crim.App. 1974); *Merchant,* 810 S.W.2d at 312.

We cannot say that Esquivel's actions were not adequate cause for sudden passion as a matter of law. *Ray,* 515 S.W.2d at 667. The issue should have been decided by the jury. *Id.* Thus, the court erred in denying Perez the requested charge.

## HARM ANALYSIS

■ Because he objected to the charge, Perez has preserved this complaint. We must now determine whether he suffered any actual harm because of the error. *Arline v.*

*State,* 721 S.W.2d 348, 352 (Tex.Crim.App. 1986).

As submitted, the charge required the jury to assess Perez' punishment within the range provided for a first degree felony. TEX. PENAL CODE ANN. § 19.02(c) (Vernon 1994). The range of punishment for a first degree felony is incarceration for life or for any term of between five and ninety-nine years. TEX. PENAL CODE ANN. § 12.32(a) (Vernon 1994).

If the requested issue on "sudden passion" had been submitted and if the jury were satisfied that Perez had proven it, the jury would have been required to assess his punishment within the range provided for a second degree felony. TEX. PENAL CODE ANN. § 19.02(d). That range is incarceration for any term of between two and twenty years. TEX. PENAL CODE ANN. § 12.33(a) (Vernon 1994).[5]

The jury sentenced Perez to ninety-nine years in prison. If they had found in his favor on the "sudden passion" issue, his maximum punishment would have been twenty years. Thus, we cannot conclude that the error did not harm him. *See Merchant,* 810 S.W.2d at 312. We sustain Perez' sole point of error.

We reverse the judgment and remand this cause for a new punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1997).

---

5. A person convicted of either a first or second degree felony can also be assessed a fine of up to $10,000. TEX. PENAL CODE ANN. §§ 12.32(b), 12.33(b) (Vernon 1994).