TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00442-CR






Shane Edward Drousche, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 95-766-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 Shane Edward Drouche, appellant, was convicted of murder. Tex. Penal Code Ann. §
19.02 (b)(2) (West 1994). The jury assessed his punishment at 60 years' imprisonment. In his sole point
of error, appellant complains of the trial court's denial of appellant's request at the punishment phase to
charge the jury on the mitigation of punishment for murder committed under the influence of sudden passion
arising from an adequate cause. We will affirm the judgment.

 Since September 1, 1994, voluntary manslaughter is no longer a separate offense but is a
punishment issue in a murder case. See Tex. Penal Code Ann. § l9.02 (d) (West 1994). A defendant
convicted of murder may raise the issue whether he caused the death under the immediate influence of
sudden passion arising from an adequate cause at the punishment stage of the trial. If he proves this issue
by a preponderance of the evidence, then the offense is lowered from a felony of the first degree to a felony
of the second degree with a range of imprisonment from two to twenty years. See Rainey v. State, 949
S.W.2d 537, 540-41 (Tex. App.--Austin l997, pet. filed) (describes and discusses change of § 19.02(d));
Robinson v. State, 945 S.W.2d 336, 340-42 (Tex. App.--Austin l997, pet. filed) (§ 19.02(d) does not
violate due process). Appellant committed the offense in this case on November 29, 1995, thus, he could
raise the mitigation issue under this provision. Appellant contends that he was entitled to have the jury
charged on the issue, while the State's position is that there was no evidence to raise the issue for the jury's
consideration.


BACKGROUND

 On the night of November 29, 1995, C.W. Dean told his mother that he was going outside
to talk to Stephanie Meyer and Tonya Bowie who were going to drive by and visit for a few minutes. Dean
and Stephanie were l6-year-old high school students. Stephanie had recently ended a relationship with
appellant and had begun dating Dean. Appellant was l7 years old and had dropped out of school. Earlier
in the evening, appellant had visited Stephanie at a restaurant where she worked. Appellant asked to
renew the relationship, but Stephanie declined. Appellant left in his truck with two male friends. Appellant
was angry and told his friends that he was "going to kick C.W.'s ass." Appellant drove to Dean's home,
got out of the truck and approached Dean, who was sitting on a car in his driveway waiting for the girls. 
Appellant asked if Dean had seen Stephanie and he replied, "No." Appellant then asked Dean if he had
heard that appellant wanted to kick Dean's ass. Dean said that he had not heard that. Appellant then told
Dean that he was going to do just that. Dean replied, "Yeah, whatever." Appellant then began to beat
Dean, striking him several times on the face and head. After Dean fell to the ground, appellant kicked him
several times in the body and head with his boots. Finally, appellant stepped back several steps, ran
toward Dean who was kneeling on the ground and kicked him in the head with tremendous force. One
of appellant's friends who was present described the kick to the head as being like somebody punting a
football. Appellant and his friends drove away and left Dean twitching on the ground. Appellant told them
that he felt good about the beating and bragged that he had never hit anyone that hard. During the entire
encounter, Dean never raised a hand to hit appellant. Appellant testified that before he began kicking Dean
he knew that Dean was defenseless and was not a threat. A few minutes after this beating, the girls arrived
and found Dean lying on the ground; they called Dean's mother who came out and tried to revive him. 
Dean never regained consciousness. EMS arrived within minutes, but the personnel could not detect a
pulse and could not stimulate the heart with shock or medication. An EMS worker testified that Dean was
dead when they arrived.


DISCUSSION


 The question is whether the trial court erred by refusing to instruct the jury to find whether
appellant caused the death under the immediate influence of sudden passion arising from adequate cause. 
When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge
on that issue, the trial court must submit the issue to the jury. Muniz v. State, 851 S.W.2d 238, 254 (Tex.
Crim. App. 1993); see Perez v. State, 940 S.W.2d 820, 822 (Tex. App.--Waco 1997, no pet. h.) (
failure to instruct on sudden passion at punishment warranted reversal). Any evidence, however weak, will
support submitting the issue to the jury. See Burns v. State, 923 S.W.2d 233 (Tex. App.--Houston [14th
Dist.] 1996, pet. ref'd). However, appellant is not entitled to have a charge given unless there is some
evidence on the issue. Luck v. State, 588 S.W.2d 371 (Tex. Cr. App.), cert. denied, 446 U.S. 944
(l979).

 The Penal Code defines "sudden passion" as passion directly caused by and arising out of
provocation by the individual killed or another acting with him which passion arises at the time of the offense
and is not solely the result of former provocation. "Adequate cause" means cause that would commonly
produce a degree of anger, rage, resentment or terror in a person of ordinary temper, sufficient to render
the mind incapable of cool reflection. Tex. Penal Code Ann. § 19.02(b)(1), (2) (West 1994). These
definitions under the current code are identical to those set forth in the former voluntary manslaughter
statute. Thus, we can rely on prior decisions for guidance on these terms. Perez, 940 S.W.2d at 821-823. 
See Roberts v. State, 590 S.W.2d 498, 501 (Tex. Crim. App. 1979).

 Appellant relies on cases which have held that heated arguments can justify submission of
an instruction on sudden passion. Humphries v. State, 615 S.W.2d 737, 738 (Tex. Crim. App. 1981)
(stabbing in course of heated argument); Schoelman v. State, 644 S.W.2d 727, 733 (Tex. Crim. App.
1983) (deceased and defendant argued over a ring); Lucky v. State, 495 S.W.2d 919, 922 (Tex. Crim.
App. 1973) (insulting conduct led to argument and shooting); Parks v. State, 473 S.W.2d 32 (Tex. Crim.
App. 1971) (argument over dollar debt led to stabbing). These cases support the point that the threshold
to raise the issue is not high, but there is no evidence in the present case that there was any argument at all. 
Appellant points to no evidence that the deceased or another acting with him did anything at all to provoke
appellant to "sudden passion" at the time of the offense. See Marquez v. State, 725 S.W.2d 217, 223-24
(Tex. Crim. App. 1987) (no instruction required if no evidence that victim did anything to provoke sudden
passion in defendant); Rice v. State, 893 S.W.2d 734, 735 (Tex. App.--Texarkana 1995, pet. ref'd) (no
instruction required without some evidence of provocation by deceased, or another working with deceased
to provoke defendant). A defendant may not provoke a confrontation and then claim sudden passion. 
Villegas v. State, 791 S.W.2d 226, 239 (Tex. App.--Corpus Christi 1990, pet. ref'd). The evidence
in the present case shows that appellant brought his anger with him, sought out Dean for the expressed
purpose of beating him up and made provocative remarks to him before he began beating him and that
Dean never even hit back. Under these circumstances, appellant cannot claim that his anger at the time of
the encounter is proper evidence of sudden passion. See Nance v. State, 807 S.W.2d 855, 861 (Tex.
App.--Corpus Christi 1991, pet. ref'd). It is not enough that appellant acted mad or upset; the evidence
must also show that the anger was the result of an act of provocation on the part of the deceased or a third
party acting in concert with him. Nobles v. State, 843 S.W.2d 503, 511 (Tex. Crim. App. 1992).

 For a claim of fear or anger to rise to the level of sudden passion, there must be evidence
that the defendant's state of mind rendered him incapable of cool reflection. Daniels v. State 645 S.W.2d
459 (Tex. Crim. App. 1983). The evidence here shows appellant acted purposefully to achieve his stated
intention of beating Dean. Such conduct does not come within the definition of sudden passion. See
Gaston v. State, 930 S.W.2d 222, 226 (Tex. App.--Austin l996, no pet.) (arguing with wife and then
driving over to shoot her at church an hour later is not sudden passion).

 Appellant does not refer us to any evidence that his passion arose from an adequate cause. 
He indicates that his anger was the result of the deceased dating his former girlfriend and responding "Yeah,
whatever" to appellant's declaration of his intent to beat the deceased. Adequate cause is that which
"would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper,
sufficient to render the mind incapable of cool reflection." Without legally adequate cause, no amount of
subjective passion will justify submission of this issue. Provost v. State, 514 S.W.2d 269 (Tex. Crim.
App. 1974). The murderous acts of one not of ordinary temper or whose response to the alleged cause
is not objectively common in the ordinary, reasonable person does not support a charge on this issue. 
Willis v. State, 936 S.W.2d 302, 308 (Tex. App.--Tyler l996, pet. ref'd). In Willis, the court held that
the conduct of the deceased in breaking out the defendant's car windows, and the defendant's resulting
excited state, did not provide sufficient evidence of the extreme emotional and psychological state defining
"sudden passion." Another court has said that the instruction is not available to one whose actual emotional
responses are aberrational in this society. Lopez v. State, 716 S.W.2d 127, 129 (Tex. App.--El Paso
1986, pet. ref'd). See Corral v. State, 900 S.W.2d 914, 919 (Tex. App.--El Paso 1995, no pet.)
(throwing rocks at defendant and making gang signs are not adequate provocation to justify a killing).


CONCLUSION


 We have thoroughly reviewed the record. We find no evidence that appellant's emotions
rose to the level of "sudden passion" as defined in the Penal Code. Even if they did, there is no evidence
that his emotions resulted from provocation by the deceased or another acting with deceased at the time
of the offense. There is no evidence of any immediate provocation as opposed to some possible former
provocation. There is no evidence of any conduct by the deceased that could constitute "adequate cause"
within the statutory definition. There was no insult or threat or aggression by deceased. The trial court did
not err in refusing the requested charge.

 The judgment of the trial court is affirmed.



 Mack Kidd, Justice 

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 11, 1997

Do Not Publish



nt case that there was any argument at all. 
Appellant points to no evidence that the deceased or another acting with him did anything at all to provoke
appellant to "sudden passion" at the time of the offense. See Marquez v. State, 725 S.W.2d 217, 223-24
(Tex. Crim. App. 1987) (no instruction required if no evidence that victim did anything to provoke sudden
passion in defendant); Rice v. State, 893 S.W.2d 734, 735 (Tex. App.--Texarkana 1995, pet. ref'd) (no
instruction required without some evidence of provocation by deceased, or another working with deceased
to provoke defendant). A defendant may not provoke a confrontation and then claim sudden passion. 
Villegas v. State, 791 S.W.2d 226, 239 (Tex. App.--Corpus Christi 1990, pet. ref'd). The evidence
in the present case shows that appellant brought his anger with him, sought out Dean for the expressed
purpose of beating him up and made provocative remarks to him before he began beating him and that
Dean never even hit back. Under these circumstances, appellant cannot claim that his anger at the time of
the encounter is proper evidence of sudden passion. See Nance v. State, 807 S.W.2d 855, 861 (Tex.
App.--Corpus Christi 1991, pet. ref'd). It is not enough that appellant acted mad or upset; the evidence
must also show that the anger was the result of an act of provocation on the part of the deceased or a third
party acting in concert with him. Nobles v. State, 843 S.W.2d 503, 511 (Tex. Crim. App. 1992).

 For a claim of fear or anger to rise to the level of sudden passion, there must be evidence
that the defendant's state of mind rendered him incapable of cool reflection. Daniels v. State 645 S.W.2d
459 (Tex. Crim. App. 1983). The evidence here shows appellant acted purposefully to achieve his stated
intention of beating Dean