NUMBER 13-00-176-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




 LARNARL DONNELL ANDERSON , Appellant, 
v.


THE STATE OF TEXAS , Appellee.




On appeal from the Criminal District Court 5

of Dallas County, Texas.





O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and Hill (1)

Opinion by Justice Hill




Larnarl Anderson appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at thirty
years' confinement in the Texas Department of Criminal Justice, Institutional Division. He contends in a single issue that
the trial court erred in failing to include an issue of sudden passion in the court's charge during the punishment phase of the
trial. We reverse the judgment and remand for a new hearing on punishment. 

Sudden passion arising from an adequate cause is a mitigating circumstance at the punishment phase of a murder trial. 
Tex. Penal Code Ann. § 19.02(d); Perez v. State, 940 S.W.2d 820, 821 (Tex. App.--Waco 1997, no writ). Any evidence
that the accused acted under the immediate influence of sudden passion arising from an adequate cause requires the court to
submit an issue on this mitigating circumstance. Id. at 822. 

"Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of
ordinary temper, sufficient to render the mind incapable of cool reflection. Tex. Pen. Code Ann. § 19.02(a)(1). "Sudden
passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the
person killed, which passion arises at the time of the offense and is not solely the result of former provocation. Tex. Pen.
Code § 19.02 (a)(2). The testimony of the accused alone can raise the issue. Id. Where an issue of self-defense is raised,
it is a rare instance when issues of self-defense do not also raise issues of sudden passion. Benavides v. State, 992 S.W.2d
511, 525 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). 

We examine the record for evidence of: (1) a legally adequate cause that would produce an emotional state sufficient to
render an ordinary person incapable of cool reflection and (2) the accused's agitated state of mind arising from direct
provocation at the hands of the victim at the time of the killing. Id.

On December 4, 1999, Anderson, accompanied by several friends, pulled into a tire shop. An employee asked them if they
needed help. When the employee asked them what they wanted, Anderson replied, "Why don't you fucking come down
here and see?" Then he said, "We spending money. Why don't you just come see? We spending money. I'm a customer." 

No one went directly to help Anderson, although there was some evidence that other cars were being served. Some twenty
to forty minutes later the deceased, Ziad Hindi, the shop's manager, went and had a conversation with Anderson. Hindi
then came over to where another car was being worked on and told the employee who was working on that car to help
Anderson and those accompanying him when he got through. 

At that point Anderson walked up and said to the customer, "I don't want this mother-fucker working on my car. When he
get through with yours, I want him to do it." Hindi then said, " I already told him to go down there when he get through." 
He told Anderson he was going to have to stop all the cursing. Anderson replied by saying, "You don't fucking tell me
what to say. I can say any fucking thing I want to. Fuck you." 

In a statement, Anderson related that Hindi said, "Don't say anything to me or I'll cut your ass right now." Shortly
thereafter, Hindi grabbed Anderson by his neck with one hand. When Anderson got loose from the neck hold, Hindi held
him in a body hug. Anderson asked to be let go. Hindi kept struggling with Anderson and holding him. Hindi told him
that if he let him go he would not get any service and that he needed to leave. He then slung Anderson away from him. 
After spinning around, Anderson shot Hindi with a gun four times. 

More than one witness called by the defense testified that Hindi started the cursing by saying something like, "Man, what
the fuck you-all want?" One witness also recalled that Hindi had called Anderson a "punto," [sic] which the witness
described as a Spanish curse word meaning, "Bitch or something." 

A witness testified that when Hindi let Anderson go Anderson was breathing really hard, his eyes were red, and he had
tears coming down his eyes. The witness indicated that Anderson had markings on his neck. Anderson testified that he
was scared for his life while he was being choked. We hold that there is some evidence that Anderson acted under the
immediate influence of sudden passion arising from an adequate cause, thereby requiring the trial court to submit the
requested instruction on sudden passion. 

The State insists that evidence of the accused's fear alone does not present the evidence necessary to submit an issue on
sudden passion. It relies upon the opinion in Gonzales v. State, 717 S.W.2d 355, 357 (Tex. Crim. App. 1986) for its
assertion that an attack on the accused, coupled with fear, is insufficient to require a charge or instruction on sudden
passion. The State fails to mention that in Moore v. State, 969 S.W.2d 4, 11 (Tex. Crim. App. 1998), the court
characterized Gonzales as "an opinion for a plurality of the Court, and it was convincingly criticized in the dissenting
opinion as being unfaithful to our prior decisions. It should not be relied on." Consequently, we decline to rely on
Gonzales. 

There are other cases that hold that fear alone is insufficient to support an instruction on the issue of sudden passion. See
Daniels v. State, 645 S.W.2d 459, 460 (Tex. Crim. App. 1983). However, in Moore, the court held that the issue is whether
there was any evidence from which a rational jury could infer sudden passion. Moore, 969 S.W.2d at 11. In this case, not
only is there a showing of fear; there is also evidence that Hindi provoked a confrontation by cursing, insulting Anderson,
refusing service, threatening to cut Anderson with a knife, then choking him. The Texas Court of Criminal Appeals, in
discussing the issue, has said that in those cases where the court has held the evidence sufficient to warrant such a charge, a
distinguishing factor tends to be that the deceased and the appellant had engaged in some sort of altercation or argument
that immediately escalated into a killing. Nobles v. State, 843 S.W.2d 503, 511 (Tex. Crim. App. 1992). 

The State also appears to suggest that direct evidence is necessary concerning the accused's mental state at the time of the
murder in order for the accused to be entitled to the charge on sudden passion. However, direct evidence is not necessary;
the accused's mental state may be inferred from the surrounding facts and circumstances. Moore, 969 S.W.2d at 10. 

The State argues that Anderson was not entitled to the charge because he provoked the confrontation. An accused may not
rely on a cause of his or her own making, such as precipitating a confrontation. Naasz v. State, 974 S.W.2d 418, 423 (Tex.
App.--Dallas 1998, pet. ref'd). While there is some evidence in the case at bar that Anderson precipitated the confrontation
by his cursing, there is also evidence that Hindi began the cursing when Anderson first arrived at the store, served other
customers besides Anderson while Anderson waited, insulted Anderson in Spanish, threatened to cut Anderson with a
knife, then began choking Anderson. From that evidence, the jury could have determined that Hindi precipitated the
confrontation. 

The State also suggests that even if Anderson were entitled to the charge, the trial court's refusal to give the charge was
harmless. As the State notes, because Anderson requested the charge, he need only show some harm. See Benavides v.
State, 992 S.W.2d 511, 527 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). Anderson suffered the harm of not having the
possibility that his punishment might be mitigated due to a jury finding of sudden passion. 

The State relies on Benavides in arguing there is no showing that Anderson suffered any actual harm. We find that case to
be distinguishable. Benavides was tried under prior law in which voluntary manslaughter was considered as a lesser
included offense of murder. Benavides, 992 S.W.2d at 527. The primary basis of the court finding a lack of harm was that
under the charge as given, the jury, in order to find Benavides guilty of murder, was required to find beyond a reasonable
doubt that Benavides was not acting under sudden passion. Id. at 527-28. In the case at bar, the jury was not required to
find beyond a reasonable doubt that Anderson was not acting under sudden passion before killing Hindi. 

Finally, the State suggests that the error was harmless because the jury rejected Anderson's claim of self-defense and would
therefore likely reject his claim of sudden passion as well. Where warranted by the facts, an accused is entitled to both a
charge on self-defense as well as a charge on sudden passion. See Medlock v. State, 591 S.W.2d 485, 487 (Tex. Crim. App.
1979); Perez v. State, 940 S.W.2d 800, 821 (Tex. App.--Waco 1997, no pet.). This shows that the two issues are not
identical. In order to be entitled to acquittal based upon self-defense, Anderson was required to establish, among other
things, that it reasonably appeared to him that his life or person was in danger and that there was created in his mind a
reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Hindi
and that he reasonably believed that his use of deadly force was immediately necessary to protect himself against Hindi's
use or attempted use of unlawful deadly force. He was also required to establish that a reasonable person in his situation
would not have retreated. See Tex. Pen. Code Ann. 9.32(a). The jury could have found that there was no reasonable basis
for Anderson to believe that he was in fear of his life or serious bodily injury at the hands of Hindi, or that a reasonable
person would have retreated, and still have determined that Hindi's attack on Anderson constituted an adequate cause
giving rise to sudden passion. The State's unstated assumption that the issues are the same as between the instruction on
self-defense and the instruction on sudden passion is incorrect. We sustain Anderson's sole issue on appeal. 

We reverse the judgment and remand for a new hearing on punishment.



JOHN HILL

Retired Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of March, 2002. 

1. Retired Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).