**Leonard Earl ROBERSON, Appellant**

v.

**The STATE of Texas, State.**

No. 2–03–109–CR.

Court of Appeals of Texas,
Fort Worth.

May 20, 2004.

Rehearing Overruled June 10, 2004.

Discretionary Review Refused
Nov. 17, 2004.

Ronald D. Vanzura, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty.; Catherine Luft, Matthew Shovlin, Jeff Fleming, Asst. Crim. Dist. Attys., Denton; Matthew Paul, State Prosecuting Atty., Austin, for State.

PANEL F: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Leonard Earl Roberson appeals from his conviction for attempted murder. In two points, he complains that the evidence is legally and factually insufficient to support his conviction and that the trial court erred by failing to include his requested instructions in the jury charge. We affirm.

## FACTS

Officer Leonard Clemens worked as a patrol officer for the Carrollton Police Department until May 14, 2002. On April 13, 2002, Officer Clemens responded to a dispatch to the Woodlake Apartments at 5:25 p.m. The call came from apartment number 148, and the caller complained of a suspicious person at the apartments. When he arrived, Officer Clemens saw sunglasses lying on the grass in front of the apartment. The door to number 147 was open, the door frame was split, and a piece of molding lay across the entryway. Officer Clemens could hear a male voice yelling and cursing angrily from inside apartment 147.

When Officer Clemens looked inside the apartment, he saw a black male wearing a blue short-sleeved shirt, who was later identified as appellant. The officer noticed a bone-handled hunting knife in the rear pocket of appellant's jeans. Officer Clemens testified that he saw appellant kicking a black female, who was curled up in a fetal position, lying on her right side on the floor, unmoving. The police later identified the victim as Alberta Williams and learned that Williams and appellant had been romantically involved and had lived together in the apartment for approximately four to five months.

As Officer Clemens stepped through the doorway into the apartment, he saw appellant, using the back of a chair for leverage, lift his right foot up so that he could bring all of his weight down onto Williams's head. As appellant did this, Officer Clemens heard him scream, "I will kill you, bitch." After appellant brought his foot down once on Williams's head, Officer Clemens yelled, "Police. Stop." After he had completed the kick, appellant complied, and Officer Clemens arrested him.

While Officer Clemens waited for the ambulance and backup to arrive, he tended to Williams, who was unconscious. He saw a contusion or an abrasion on her left cheek and swelling around her left eye. After approximately three minutes, Williams started to sit up. Her eyes fluttered, and she did not know what was going on. She moaned and passed out again. After a few minutes, the backup officer and medics arrived.

Williams, the complainant, also testified at trial. According to her, she had been to the grocery store, and when she returned home, appellant was angry and confronted her about an ex-boyfriend who had called while she was gone. Williams stated that appellant started an argument with her outside the front door of the apartment, slapped her, and knocked her sunglasses off. Williams testified that she and her son went across the street to the park and waited for appellant to leave. When he did, they went into the apartment, locked the door, and went into the bedroom. From there, she heard the front door being forced open. She came out and got into a shoving match with appellant. He hit her in the face, causing her to fall to the floor and lose consciousness. When she woke up, the front part and right side of her head hurt, and she could feel the swelling of her eyes.

In his videotaped interview, appellant stated that he did not intend to murder Williams and that the incident was only family violence. He denied knocking the sunglasses off Williams's face and claimed that she had slapped him in the face and run into the apartment because she was angry that he had answered the phone when her ex-boyfriend called. According to appellant, Williams was in the living room when he reentered the apartment. There, he grabbed her and slammed her down on the floor because she had slapped

him. He also said that he threw her on the floor in order to turn her over so that she would stop fighting him. Near the end of the interview, appellant gave Officer Clemens a written statement that said:

> I was outside [and] my old lady came outside [and] hit me [and] we started fighting. I[put] her down [and] then the [officers] came [and] took me to [where I'm] at now but it's nothing more [than] just a family fight. [And] I was not trying to do anything to anybody that would cause something as big as this.

The State charged appellant with attempted murder. The State included two enhancement paragraphs in the indictment, alleging that appellant had been convicted for the felony offense of burglary of a habitation in 1992 and the felony offense of robbery in 1998. Appellant pled not guilty to the charge and not true to the enhancements. The jury found him guilty of the charged offense and found the enhancements true. The jury sentenced him to sixty years' confinement. Appellant filed a timely notice of appeal.

## LEGAL AND FACTUAL INSUFFICIENCY

In appellant's first point, he argues that the evidence is legally and factually insufficient to support the jury's verdict of guilt and his conviction for attempted murder. Specifically, he contends that the physical evidence presented at trial only supports a class A misdemeanor assault offense, not attempted murder.

### Legal Sufficiency Standard of Review

 In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Burden v. State,* 55 S.W.3d 608, 612 (Tex. Crim.App.2001). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

**Factual Sufficiency Standard of Review**

■ In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim.App.2000); *Clewis v. State,* 922 S.W.2d 126, 129, 134 (Tex.Crim.App.1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson,* 23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although

adequate if taken alone, is greatly outweighed by contrary proof. *Id.* In performing this review, we are to give due deference to the fact finder's determinations. *Id.* at 8–9; *Clewis,* 922 S.W.2d at 136. We may not substitute our judgment for that of the fact finder's. *Johnson,* 23 S.W.3d at 12.

■ To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required. *Johnson,* 23 S.W.3d at 12. A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

**DISCUSSION**

■ The Texas Penal Code dictates that a person commits a criminal attempt if: "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2003). A person commits murder if he:

> (1) intentionally or knowingly causes the death of an individual;

> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

> (3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

*Id.* § 19.02(b) (Vernon 2003). Only murder under penal code section 19.02(b)(1)

requires a specific intent to kill. *Id.* § 19.02(b)(1); *Flanagan v. State,* 675 S.W.2d 734, 741 (Tex.Crim.App.1982) (op. on reh'g). Criminal attempt under section 15.01 requires the intent to commit the offense attempted. TEX. PENAL CODE ANN. § 15.01(a). Thus, a specific intent to kill is a necessary element of attempted murder. *Flanagan,* 675 S.W.2d at 741. Therefore, the following are the elements of attempted murder: 1) a person, 2) with the specific intent to cause the death of another, 3) does an act amounting to more than mere preparation, 4) but fails to effect the death of the other individual. TEX. PENAL CODE ANN. §§ 15.01(a); 19.02(b); *Jeffley v. State,* 938 S.W.2d 514, 517 (Tex.App.-Texarkana 1997, no pet.); *Palomo v. State,* 925 S.W.2d 329, 332 (Tex.App.-Corpus Christi 1996, no pet.).

■ Appellant argues that the physical evidence does not support the charge of attempted murder. He contends that the lack of blood and damage to Williams's face indicates that appellant assaulted Williams, but did not attempt to murder her. However, we note that the State was not required to prove severe bodily injury as an element of attempted murder. *See* TEX. PENAL CODE ANN. §§ 15.01(a); 19.02(b)(2).

Appellant argues that the charge of attempted murder, based upon the facts of the case, is an oppressive and vindictive exercise of the State's power because there is insufficient evidence to support the conviction. He contends that the proper charge would have been a class A misdemeanor assault instead of attempted murder. Appellant ignores, however, that the trial court included in its charge to the jury the lesser included offenses of attempted aggravated assault and assault.[1] Accordingly, the jury had the opportunity to find appellant not guilty of attempted murder and guilty of a lesser offense if it found that the evidence did not support the attempted murder charge. However, here, the jury found that the State proved the requisite elements of attempted murder beyond a reasonable doubt.

■ The trier of fact is the sole judge of the credibility of witnesses and the weight given to their testimony. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex. Crim.App.1984). The trier of fact may believe or disbelieve all or any part of a witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The trier of fact has the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

Here, appellant admitted to grabbing Williams, knocking her down on the floor, and using his foot on her body. The State presented evidence that appellant stomped on the left side of Williams's head with his foot, using a chair for leverage. As evidenced by medical records and witness testimony, appellant's attack on Williams was severe enough to cause loss of consciousness, abrasions, hematomas, contusions, swollen eyes, and head pain. The State offered Officer Clemens's testimony to prove the culpable mental state of at-

---

1. A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp.2004). The offense of assault also includes intentionally threatening imminent bodily injury or causing offensive or provocative physical contact with another person. *Id.*

§ 22.01(a)(2), (3). A person commits aggravated assault if he commits the elements of assault as defined in section 22.01 and the person "causes serious bodily injury to another, including the person's spouse," or "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(1), (2).

tempted murder and he testified that as appellant stood over Williams's body, he screamed, "I will kill you, bitch." Although appellant contended in his video-taped interview that he had not intended to kill Williams and had only been attempting to roll her over with his foot, from this evidence, the jury could have reasonably found that Officer Clemens's and Williams's versions of the attack were more credible.

Thus, we hold that the evidence is legally and factually sufficient to support appellant's conviction. Appellant's first point is overruled.

## JURY CHARGE ERROR

In his second point, appellant argues that the trial court erred at the guilt/innocence phase of trial by failing to include requested instructions in its jury charge for attempted murder on the definition of "intent to kill" and the previous relationship of the parties. Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App.1994). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731–32. Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure [the] rights of the defendant," which means no more than that there must be *some* harm to the accused from the error. Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *see also Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984) (op. on reh'g). In other words, a properly preserved error will call for reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.; see also Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App. 2000). Because appellant preserved error on this point, we must determine whether the trial court's omission of appellant's requested instructions constitutes error. *See Benge v. State*, 94 S.W.3d 31, 37 (Tex. App.-Houston [14 th Dist.] 2002, pet. ref'd).

> The jury charge reads in pertinent part: Now if you find from the evidence beyond a reasonable doubt that on or about the 13th day of April, 2002, in Denton County, Texas, the defendant, LEONARD EARL ROBERSON, did, with the intent to commit the murder of Alberta Williams, do an act, to-wit: kick the head of Alberta Williams, which amounted to more than mere preparation that tended but failed in the commission of the offense intended, then you will find the defendant guilty of attempted murder, as charged in the indictment.

Appellant requested that the trial court include the following language in the application clause for attempted murder:

> Now if you find from the evidence beyond a reasonable doubt that on or about the day of the offense in Denton County, Texas, the Defendant, his name, did, with specific intent to commit the offense of murder of an individual, the victim's name, attempt to cause the death of the victim by intentionally or knowingly kicking the head of the victim, then you will find the Defendant guilty of attempted murder as charged in the indictment.

Appellant also requested that "intent to kill" be defined and requested the inclusion of the following language in the jury charge:

You are instructed that the intent to kill is an essential element of the offense of attempt to commit murder, and unless you find from the evidence beyond a reasonable doubt that at the time the Defendant hit the head of the victim, the victim's name, as he did, the Defendant had the specific intent then and there to cause the death of the victim, the victim's name, or if you have a reasonable doubt as to whether he had the specific intent to do so, to cause the death of the said victim, Alberta Williams, you cannot convict the Defendant of attempt to commit murder. In such an event of a reasonable doubt thereof, you will acquit the Defendant of attempt to commit murder.

Appellant argues that omission of the above requested instructions was error on the part of the trial court because as given, the jury charge was an incomplete instruction on the law of attempted murder. Specifically, appellant contends that the definition of "intent to kill" is an essential element of attempted murder and should have been included in the charge. The following are the elements of attempted murder: 1) a person, 2) with the specific intent to cause the death of another, 3) does an act amounting to more than mere preparation, 4) but fails to effect the death of the other individual. *See* Tex. Penal Code Ann. §§ 15.01(a); 19.02(b); *Jeffley*, 938 S.W.2d at 517; *Palomo*, 925 S.W.2d at 332.

■■■ The charge given to the jury did not expressly include the words "attempt to cause the death" of Williams. However, the word "attempt" was not required because the entire paragraph is a description of the elements of "attempt."[2]

The language "with the intent to commit the murder of Alberta Williams" was sufficient to satisfy the requirement that the charge include the culpable mental state of the attempted felony. *See, e.g., Ex parte Bartmess*, 739 S.W.2d 51, 53 (Tex.Crim. App.1987) (holding under section 19.02(a)(1), specific intent required as an element of section 15.01 is the intent to cause the death of an individual). Additionally, we find no error in the omission of the mental state "knowingly" because to act "knowingly" is a lower degree of mental culpability than "intent." *See* Tex. Penal Code Ann. § 6.02 (Vernon 2003).

■■■ With respect to the omission of the explicit definition of "intent to kill" we also conclude there was no error. Here, the application paragraph on attempted murder properly required the jury to find that appellant had the requisite intent to kill or murder Williams in order to find him guilty of attempted murder. Thus, appellant's requested definition charge on intent to kill was unnecessary, and the trial court properly refused to include it.

■■■ Lastly, appellant requested that the trial court include an instruction taking into consideration the appellant's relationship with Williams:

You are instructed that you may consider facts and circumstances surrounding the alleged attempted killing, if any, and the previous relationship existing between the accused and Alberta Williams, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense, if any.

This instruction tracks the language of the Texas Code of Criminal Procedure article

---

2. The section on criminal attempt in the penal code dictates that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a).

38.36. TEX.CODE CRIM. PROC. ANN. art 38.36(a) (Vernon Supp.2004). Article 38.36 permits parties to introduce evidence of all relevant facts and circumstances surrounding the killing in a murder case. *Id.* Although it is permissible to give an instruction based upon article 38.36, it is not mandatory. *Richardson v. State,* 906 S.W.2d 646, 649 (Tex.App.-Fort Worth 1995, pet. ref'd). Therefore, the trial court did not err by denying the requested instruction. We overrule appellant's second point.

### CONCLUSION

Having overruled all of appellant's points, we affirm the trial court's judgment.