COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-295-CR

 

 

HARVEY JOE HANSON                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Harvey Joe Hanson
appeals his conviction and seventy-five year sentence for attempted capital
murder.  In his first point, appellant
contends that the trial court erred by denying his request for an instruction
on the  lesser-included offense of aggravated
assault with a deadly weapon.  In points
two through four, appellant generally complains about jury charge errors.  We reverse and remand.

II.  Background Facts

On September 9, 2003,
appellant entered Penney Aslinger=s apartment and repeatedly stabbed her with a knife.  Aslinger suffered stab wounds to her hand and
wrist and had a knot on her head where appellant had hit her.  The State later charged appellant with two
offenses in connection with the indictment. 
The indictment charged appellant with attempted capital murder in count
I[2]
and burglary in count II.  The jury found
appellant guilty as to both counts and assessed his punishment at seventy-five
years in the Institutional Division of the Texas Department of Criminal Justice
(TDCJ) for the attempted capital murder and twenty years in TDCJ for the
burglary.  Appellant is only appealing
his conviction for attempted capital murder, count I.

III.  Lesser-Included Offense Instruction

A.  Standard of Review








We use a two-pronged test to
determine whether a defendant is entitled to an instruction on a
lesser-included offense.  Rousseau v.
State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied, 510
U.S. 919 (1993); Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App.
1981).  First, the lesser-included
offense must be included within the proof necessary to establish the offense
charged.  Salinas v. State, 163
S.W.3d 734, 741 (Tex. Crim. App. 2005);  Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446.  Second, some evidence must exist in the
record that would permit a jury to rationally find that if appellant is guilty,
he is guilty only of the lesser offense. 
Salinas, 163 S.W.3d at 741; Rousseau, 855 S.W.2d at
672-73; Royster, 622 S.W.2d at 446.








The evidence must be
evaluated in the context of the entire record. 
Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); see
also Armstrong v. State, No. 02-04-00183-CR, 2005 WL 1839146, at *2 (Tex.
App._Fort Worth Aug. 4, 2005, no pet.). 
There must be some evidence from which a rational jury could acquit the
defendant of the greater offense while convicting him of the lesser-included
offense.  Moore, 969 S.W.2d at
8.  The court may not consider whether
the evidence is credible, controverted, or in conflict with other
evidence.  Id.; Moore v. State,
154 S.W.3d 703, 711 (Tex. App._Fort Worth 2004, pet. ref=d).  If there is evidence from
any source that negates or refutes the element establishing the greater
offense, or if the evidence is so weak that it is subject to more than one
reasonable inference regarding the aggravating element, the jury should be
charged on the lesser-included offense.  See
Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders
v. State, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

B.  Analysis

Because the State concedes
that aggravated assault is a lesser-included offense of attempted capital
murder, the only issue for us to determine is whether the record contains some
evidence that if appellant is guilty, he is guilty only of the lesser offense
of aggravated assault.  See Glassey v.
State, 117 S.W.3d 424, 433 (Tex. App._Fort
Worth 2003, no pet.); Richardson v. State, 832 S.W.2d 168, 171
(Tex. App._Waco 1992, pet. ref=d). 

Appellant contends that there
is ample evidence to support a rational fact finding that he did not intend to
kill Aslinger; therefore, the jury should have been instructed on the
lesser-included offense of aggravated assault. 
As support for this contention, appellant cites Aslinger=s testimony that because of appellant=s military background, he could have killed her before she awoke;
evidence that he jabbed at her ten to fifteen times, but made contact with her
only once; and evidence that he told her that he was going to make her
apologize.








Additionally, appellant cites
Richardson to support his contention that a lesser-included offense
instruction should have been given.  In Richardson,
the defendant asserted that the trial court erred by including a
lesser-included offense instruction of aggravated assault in the charge.  832 S.W.2d at 170.  However, the Waco Court of Appeals held that
there was ample evidence to support the instruction.  Id. at 171.  The Waco court reasoned that although one
witness, Lang, stated that the defendant approached him stating, AI=m going to
kill you,@ and then
shot him in the stomach, another witness, Nowlin, stated that she did not hear
appellant make the statement, and that appellant could have killed them if he
wanted.  Id.  Additionally, during closing arguments, the defendant=s attorney argued that the two men were arguing over Nowlin and that
Lang was shot during a struggle with defendant after Lang pulled out the
gun.  Id.  The court reasoned that there were two
possible interpretations from the evidence and the trial court properly
instructed the jury on the lesser-included offense.  Id.








We determine that Richardson
is distinguishable from the present case. Here, the evidence does not
demonstrate that if appellant is guilty, he is guilty only of the
lesser-included offense of aggravated assault. 
To begin with, the evidence shows that appellant hid in the back room of
Aslinger=s apartment until she came home that night.  The evidence also shows that appellant
brought rope, duct tape, and a knife to the apartment.  Further, during the assault, appellant
attempted to tie Aslinger up and repeatedly told her that he was going to Akill her.@  Additionally, Blake Guinn, a witness, heard
appellant state that he was going to kill Aslinger.  We hold that the record does not contain some
evidence that demonstrates that appellant is guilty only of the lesser-included
offense of aggravated assault.  See
Glassey, 117 S.W.3d at 433. 
Therefore, we overrule appellant=s first point.

IV.  Jury Charge

In his second point,
appellant argues that the jury charge was in error and harmful because the
attempted capital murder application paragraph (count I) contained disjunctive
language.  Specifically, appellant
contends that the charge included language that allowed the jury to find him
guilty of attempted capital murder without finding beyond a reasonable doubt
that he committed the acts constituting attempted murder during the course of a
burglary.  The State argues that the
charge was proper because the definitions properly instructed the jury that the
offense of attempted murder was committed in the course of committing a
burglary.

A.  Standard of Review

Appellate review of error in
a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate
whether sufficient harm resulted from the error to require reversal.  Id. at 731-32. 








B.  Applicable Law

Article 36.14 of the code of
criminal procedure requires the trial court to set Aforth the law applicable to the case@ in the charge.  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon Supp. 2005).  Additionally, a
trial court=s charge to
the jury must include not only an abstract statement of the law, but also an
application of the law to the facts in the case.  Gray v. State, 152 S.W.3d 125, 127-28
(Tex. Crim. App. 2004); Bell v. State, 169 S.W.3d 384, 397 (Tex. App._Fort
Worth 2005, pet. ref=d). 

A person commits the offense
of murder if he Aintentionally
or knowingly causes the death of an individual.@  Tex. Penal Code Ann. ' 19.02(b)(1) (Vernon 2003).  A
person commits the offense of capital murder if he, @commits murder as defined under Section 19.02(b)(1) and: . . .
(2) the person intentionally commits the murder in the course of committing or
attempting to commit kidnapping, burglary, robbery, aggravated sexual assault,
arson, obstruction or retaliation, or terroristic threat.@  Id. ' 19.03(a)(2) (emphasis added). 
A person may be found guilty of an attempted offense if Awith specific intent to commit an offense, he does an act amounting to
more than mere preparation that tends but fails to effect the commission of the
offense intended.@  Id. ' 15.01(a) (Vernon 2003). 








A person commits the offense
of burglary Aif, without
the effective consent of the owner, the person: (1) enters a habitation, or a
building (or any portion of a building) not then open to the public, with
intent to commit a felony, theft, or an assault.@  Id. ' 30.02(a)(1) (Vernon 2003); Barnes v. State, 70 S.W.3d 294, 306
(Tex. App._Fort Worth 2002, pet. ref=d).    

C.  Applicable Facts

The abstract paragraph in the
charge informed the jury, 

A person commits the offense of Attempted Capital
Murder if, with specific intent to commit capital murder, he does an act
amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended.  

A person commits the offense of murder when he
intentionally or knowingly causes the death of an individual. A person commits
the offense of capital murder when such person intentionally commits the murder
in the course of committing or attempting to commit burglary.  

A person 
commits the offense of burglary if, without the effective consent of the
owner, the person intentionally or knowingly enters a habitation and commits or
attempts to commit an assault.

 

The application paragraph for
count I stated,








Now if you find from the evidence beyond a
reasonable doubt that on or about the 9th day of September, 2003, in Wise
County, Texas, [appellant], did then and there with specific intent to commit
the offense of capital murder of Penney Aslinger, do an act, to-wit: entered
the residence of Penney Aslinger without her effective consent, or threatened
her or cut her with a deadly weapon, to wit: a knife that in the manner of its
use or intended use was capable of causing serious bodily injury or death,
which amounted to more than mere preparation that tended but failed to effect
the commission of the offense intended, then you will find [appellant] guilty
of attempted capital murder as charged in the indictment.  [Emphasis added.]

 

D.  Error Analysis

Appellant claims that by
including the language Aentered the
residence of Penney Aslinger without her effective consent, or
threatened her or cut her with a deadly weapon@ in the charge, the trial court permitted the jury to convict him of
attempted capital murder without finding that the conduct occurred in the
course of committing or attempting to commit burglary. [Emphasis added.]  Thus, we must determine whether the word Aor@ as used in
the application paragraph of the charge alters the State=s burden of proving the elements of attempted capital murder.  








The word Aor@ is defined
as A[a] disjunctive particle used to express an alternative or to give a
choice among two or more things.@  Black=s Law Dictionary 1095 (6th ed. 1990); see also City of Lubbock v. Adams, 149
S.W.3d 820, 827 (Tex. App._Amarillo 2004, pet. filed).  In Tyson
v. State, we held, based on precedent from the court of criminal appeals,
that the word Aor@ as it was used in between the description of different acts in a
statute, means that each act constituted a separate offense.  172 S.W.3d 172, 178 (Tex. App._Fort
Worth 2005, pet. ref=d); see
also Vick v. State, 991 S.W.2d 830, 932-33 (Tex. Crim. App. 1999) (holding
that by using the term Aor@ in section 21.11 of the penal code, the legislature intended to
separately criminalize any act as described in the statute).  Similarly, we believe that the term Aor@ as used in
this charge indicates alternative choices.  


We now turn to analyze
exactly what was charged.  Capital murder
requires that Aa person
intentionally commits the murder in the course of committing or attempting to
commit kidnapping, burglary, robbery, aggravated sexual assault, arson,
obstruction or retaliation, or terroristic threat.@  Tex. Penal Code Ann. ' 19.03(a)(2); see, e.g., Rodriguez v. State, 146 S.W.3d 674,
676 (Tex. Crim. App. 2004).  Murder, on
the other hand, requires only that a person Aintentionally or knowingly causes the death of an individual.@ Tex. Penal Code Ann. ' 19.02(b)(1); Roberson v. State, 144 S.W.3d 34, 38 (Tex. App._Fort Worth
2004, pet. ref=d).
Therefore, to have found appellant guilty of attempted capital murder here, the
jury must have found that appellant committed attempted murder and burglary or
attempted burglary.  See Tex. Penal Code Ann. ' 19.03(a)(2). 








The elements of burglary are
that a person, without the effective consent of the owner, enters a habitation
with the intent to commit a theft, assault, or any felony.  Id. ' 30.02(a)(1); see, e.g., Gregg v. State, 881 S.W.2d 946, 951
(Tex. App._Corpus Christi 1994, pet. ref=d).  By including the term Aor@ in the
charge, the charge permitted the jury to find appellant guilty of attempted
capital murder if he either (1) entered Aslinger=s residence without her consent or (2) threatened her, or
(3) cut her with a knife.  None of these
three acts standing alone satisfies the elements of burglary, which the jury
must find before appellant can be found guilty of attempted capital murder.  See Tex.
Penal Code Ann. 30.02(a)(1); Rodriguez, 146 S.W.3d at 676.  Based on the facts and theory of this case,
the application paragraph of the charge should have required the jury to find
that appellant (1) entered Aslinger=s residence without her consent and (2) threatened her or (3)
cut her with a knife.  

 We hold that the trial court erroneously
charged the jury because the charge allowed the jury to find appellant guilty
of attempted capital murder without finding that he committed the acts
constituting all of the elements of the predicate offense of burglary.   

E.  Harm Analysis

Having found error, our next
inquiry is to determine whether the error was harmful.  See Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985) (op. on reh=g).  Appellant claims that the
error was harmful because the acts listed in count I of the application
paragraph of the charge did not constitute the offense of attempted capital
murder of which he was convicted.








Appellant properly objected
to the error in the court=s
charge.  Therefore, the error requires
reversal if the error was Acalculated to injure the rights of [the] defendant,@ which means no more than that there must be some harm to the
accused from the error.  Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon 1981); see also Abdnor, 871 S.W.2d at 731-32; Almanza, 686
S.W.2d at 171; Bell, 169 S.W.3d at 394. 
In other words, a properly preserved error will call for reversal as
long as the error is not harmless.  Almanza,
686 S.W.2d at 171.  In making this
determination, Athe actual
degree of harm must be assayed in light of the entire jury charge, the state of
the evidence, including the contested issues and weight of probative evidence,
the argument of counsel and any other relevant information revealed by the
record of the trial as a whole.@  Id.; see also Ovalle
v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).








Accordingly, we will first
look at the entire charge.  See
Almanza, 686 S.W.2d at 171. The abstract paragraph correctly defined the
offense of attempted capital murder.  See
Tex. Penal Code Ann. '' 15.01(a), 19.03(a)(2).  The
abstract paragraph stated that a person commits attempted capital murder when
the person Adoes an act
amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended@ and that a person commits capital murder when the person Aintentionally commits the murder in the course of committing or
attempting to commit burglary.@  Additionally, the abstract
paragraph provided that burglary occurs when, Awithout the effective consent of the owner, the person intentionally
or knowingly enters a habitation and commits or attempts to commit an assault.@     However, as previously discussed, the application paragraph for
attempted capital murder did not correctly apply the definition of burglary to
the facts of this case.  In the
application paragraph, the charge provided that appellant could be found guilty
of the offense if he attempted to commit the offense of capital murder and he Aentered the residence of Penney Aslinger without her effective
consent, or threatened her or cut her.@  [Emphasis added.] The charge
misstates the elements of burglary by including an Aor@ in between
the elements of appellant entering Aslinger=s apartment and threatening her or cutting her.  See Tex.
Penal Code Ann. '
30.02(a)(1); see, e.g.,Gregg, 881 S.W.2d at 951.  The charge should have stated that appellant
entered the residence of Penney Aslinger without her effective consent, and
threatened her or cut her. 

We must now examine the
argument of counsel.  See Bell,
169 S.W.3d at 394.  During the State=s closing argument in regard to attempted capital murder, the prosecutor
stated, 

We charged that [appellant] did an act, and in
your Charge it says he entered her residence, or threatened her, or cut her
with a deadly weapon.  








Now, you don=t have to agree on those three issues.  Now, your decision has to be
unanimous as to the count, but if three or four of you think that he entered
the residence without her consent, and another couple of you think that he cut
her, and then another couple of you think that he threatened her, that is
sufficient for you to find him guilty beyond a reasonable doubt as to that
count.  [Emphasis added.]

During closing argument, the
State clearly misstated the elements of attempted capital murder.  The State=s argument urged the jury to find appellant guilty of attempted
capital murder if he either entered Aslinger=s apartment without her consent, or threatened her with a knife, or
cut her with a knife.  These acts do not
constitute separate manner and means of committing one offense.  Cf. Kitchens v. State, 823
S.W.2d 256, 258 (Tex. Crim. App. 1991), cert. denied, 504 U.S. 958
(1992) (holding if indictment alleges different methods of committing the same
offense in the conjunctive (Aand@), it is not
improper to submit the different methods to the jury in the disjunctive (Aor@)). 








Accordingly, after examining
the record, including the charge and argument of counsel, we hold that it was
harmful error for the charge on count I to include language that permitted the
jury to find appellant guilty of attempted capital murder without finding that
he committed acts constituting all of the elements of that offense.  Therefore, we sustain appellant=s second point.[3]  We reverse appellant=s conviction for attempted capital murder and remand the case to the
trial court for a new trial on count I of the indictment.

V.  Conclusion

Having sustained appellant=s second point, we reverse the judgment of the trial court as to count
I and remand the cause for a new trial.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 12, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
indictment alleged that the attempted murder was committed during the course of
a burglary, thus elevating the charge to attempted capital murder.  See
Tex. Penal Code Ann. ' 19.03(a)(2) (Vernon Supp.
2005).  





[3]In
appellant=s
third and fourth points, he complains that the trial court committed
fundamental error under state law and fundamental due process error because the
charge permitted the jury to find him guilty of attempted capital murder
without finding beyond a reasonable doubt as to the aggravating circumstance of
burglary.  However, because we hold that
the trial court erred by including the disjunctive language in the charge, we
need not consider these points.  See Tex. R. App. P. 47.1.