HANSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-295-CR

HARVEY JOE HANSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Harvey Joe Hanson appeals his conviction and seventy-five year sentence for attempted capital murder.  In his first point, appellant contends that the trial court erred by denying his request for an instruction on the  lesser-included offense of aggravated assault with a deadly weapon.  In points two through four, appellant generally complains about jury charge errors.  We reverse and remand.

II.  Background Facts

On September 9, 2003, appellant entered Penney Aslinger’s apartment and repeatedly stabbed her with a knife.  Aslinger suffered stab wounds to her hand and wrist and had a knot on her head where appellant had hit her.  The State later charged appellant with two offenses in connection with the indictment.  The indictment charged appellant with attempted capital murder in count I
(footnote: 2) and burglary in count II.  The jury found appellant guilty as to both counts and assessed his punishment at seventy-five years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for the attempted capital murder and twenty years in TDCJ for the burglary.  Appellant is only appealing his conviction for attempted capital murder, count I.

III.  Lesser-Included Offense Instruction

A.  Standard of Review

We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981).  First, the lesser-included offense must be included within the proof necessary to establish the offense charged.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005);  
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.

The evidence must be evaluated in the context of the entire record.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); 
see also Armstrong v. State
, No. 02-04-00183-CR, 2005 WL 1839146, at *2 (Tex. App.སྭFort Worth Aug. 4, 2005, no pet.).  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense.  
Moore, 
969 S.W.2d at 8.  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.; Moore v. State
, 154 S.W.3d 703, 711 (Tex. App.སྭFort Worth 2004, pet. ref’d).  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser-included offense.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

B.  Analysis

Because the State concedes that aggravated assault is a lesser-included offense of attempted capital murder, the only issue for us to determine is whether the record contains some evidence that if appellant is guilty, he is guilty only of the lesser offense of aggravated assault.  
See Glassey v. State
, 117 S.W.3d 424, 433 (Tex. App.སྭFort Worth 2003, no pet.); 
Richardson
 
v. State, 
832 S.W.2d 168, 171 (Tex. App.སྭWaco 1992, pet. ref’d). 

Appellant contends that there is ample evidence to support a rational fact finding that he did not intend to kill Aslinger; therefore, the jury should have been instructed on the lesser-included offense of aggravated assault.  As support for this contention, appellant cites Aslinger’s testimony that because of appellant’s military background, he could have killed her before she awoke; evidence that he jabbed at her ten to fifteen times, but made contact with her only once; and evidence that he told her that he was going to make her apologize.

Additionally, appellant cites 
Richardson 
to support his contention that a lesser-included offense instruction should have been given.  In 
Richardson
, the defendant asserted that the trial court erred by including a lesser-included offense instruction of aggravated assault in the charge.  832 S.W.2d at 170.  However, the Waco Court of Appeals held that there was ample evidence to support the instruction.  
Id.
 at 171.  The Waco court reasoned that although one witness, Lang, stated that the defendant approached him stating, “I’m going to kill you,” and then shot him in the stomach, another witness, Nowlin, stated that she did not hear appellant make the statement, and that appellant could have killed them if he wanted.  
Id.
  Additionally, during closing arguments, the defendant’s attorney argued that the two men were arguing over Nowlin and that Lang was shot during a struggle with defendant after Lang pulled out the gun.  
Id.
  The court reasoned that there were two possible interpretations from the evidence and the trial court properly instructed the jury on the lesser-included offense.  
Id.

We determine that 
Richardson
 is distinguishable from the present case. Here, the evidence does not demonstrate that if appellant is guilty, he is guilty only of the lesser-included offense of aggravated assault.  To begin with, the evidence shows that appellant hid in the back room of Aslinger’s apartment until she came home that night.  The evidence also shows that appellant brought rope, duct tape, and a knife to the apartment.  Further, during the assault, appellant attempted to tie Aslinger up and repeatedly told her that he was going to “kill her.”  Additionally, Blake Guinn, a witness, heard appellant state that he was going to kill Aslinger.  We hold that the record does not contain some evidence that demonstrates that appellant is guilty only of the lesser-included offense of aggravated assault.  
See Glassey
, 117 S.W.3d at 433.  Therefore, we overrule appellant’s first point.

IV.  Jury Charge

In his second point, appellant argues that the jury charge was in error and harmful because the attempted capital murder application paragraph (count I) contained disjunctive language.  Specifically, appellant contends that the charge included language that allowed the jury to find him guilty of attempted capital murder without finding beyond a reasonable doubt that he committed the acts constituting attempted murder during the course of a burglary.  The State argues that the charge was proper because the definitions properly instructed the jury that the offense of attempted murder was committed in the course of committing a burglary.

A.  Standard of Review

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32. 

B.  Applicable Law

Article 36.14 of the code of criminal procedure requires the trial court to set “forth the law applicable to the case” in the charge.  
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2005).  Additionally, a trial court’s charge to the jury must include not only an abstract statement of the law, but also an application of the law to the facts in the case.  
Gray v. State
, 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004); 
Bell v. State
, 169 S.W.3d 384, 397 (Tex. App.སྭFort Worth 2005, pet. ref’d). 

A person commits the offense of murder if he “intentionally or knowingly causes the death of an individual.”  
Tex. Penal Code Ann. 
§ 19.02(b)(1) (Vernon 2003).  A person commits the offense of capital murder if he, ”commits murder as defined under Section 19.02(b)(1) 
and
: . . . (2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat.” 
 Id
. § 19.03(a)(2) (emphasis added).  A person may be found guilty of an attempted offense if “with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.”  
Id.
 § 15.01(a) (Vernon 2003). 

A person commits the offense of burglary “if, without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault.”  
Id. 
§ 30.02(a)(1) (Vernon 2003); 
Barnes v. State
, 70 S.W.3d 294, 306 (Tex. App.སྭFort Worth 2002, pet. ref’d).    

C.  Applicable Facts

The abstract paragraph in the charge informed the jury, 

A person commits the offense of Attempted Capital Murder if, with specific intent to commit capital murder, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.  

A person commits the offense of murder when he intentionally or knowingly causes the death of an individual. A person commits the offense of capital murder when such person intentionally commits the murder in the course of committing or attempting to commit burglary.  

A person  commits the offense of burglary if, without the effective consent of the owner, the person intentionally or knowingly enters a habitation and commits or attempts to commit an assault.

The application paragraph for count I stated,

Now if you find from the evidence beyond a reasonable doubt that on or about the 9th day of September, 2003, in Wise County, Texas, [appellant], did then and there with specific intent to commit the offense of capital murder of Penney Aslinger, do an act, to-wit: 
entered the residence of Penney Aslinger without her effective consent, or threatened her or cut her with a deadly weapon, to wit: a knife that in the manner of its use or intended use was capable of causing serious bodily injury or death
, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended, then you will find [appellant] guilty of attempted capital murder as charged in the indictment.  [Emphasis added.]

D.  Error Analysis

Appellant claims that by including the language “entered the residence of Penney Aslinger without her effective consent, 
or
 threatened her 
or
 cut her with a deadly weapon” in the charge, the trial court permitted the jury to convict him of attempted capital murder without finding that the conduct occurred in the course of committing or attempting to commit burglary. [Emphasis added.]  Thus, we must determine whether the word “or” as used in the application paragraph of the charge alters the State’s burden of proving the elements of attempted capital murder.  

The word “or” is defined as “[a] disjunctive particle used to express an alternative or to give a choice among two or more things.”  
Black’s Law Dictionary
 1095 (6th
 ed. 1990)
; see also City of Lubbock v. Adams
, 149 S.W.3d 820, 827 (Tex. App.སྭAmarillo 2004, pet. filed).  In 
Tyson v. State
, we held, based on precedent from the court of criminal appeals, that the word “or” as it was used in between the description of different acts in a statute, means that each act constituted a separate offense.  172 S.W.3d 172, 178 (Tex. App.སྭFort Worth 2005, pet. ref’d); 
see also Vick v. State
, 991 S.W.2d 830, 932-33 (Tex. Crim. App. 1999) (holding that by using the term “or” in section 21.11 of the penal code, the legislature intended to separately criminalize any act as described in the statute).  Similarly, we believe that the term “or” as used in this charge indicates alternative choices.   

We now turn to analyze exactly what was charged.  Capital murder requires that “a person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat.”  
Tex. Penal Code Ann.
 § 19.03(a)(2); 
see, e.g., Rodriguez v. State
, 146 S.W.3d 674, 676 (Tex. Crim. App. 2004).  Murder, on the other hand, requires only that a person “intentionally or knowingly causes the death of an individual.” 
Tex. Penal Code Ann.
 § 19.02(b)(1); 
Roberson v. State
, 144 S.W.3d 34, 38 (Tex. App.སྭFort Worth 2004, pet. ref’d). Therefore, to have found appellant guilty of attempted capital murder here, the jury must have found that appellant committed attempted murder and burglary or attempted burglary.  
See
 Tex. Penal Code Ann.
 § 19.03(a)(2). 

The elements of burglary are that a person, without the effective consent of the owner, enters a habitation with the intent to commit a theft, assault, or any felony.  
Id
. § 30.02(a)(1); 
see, e.g., Gregg v. State
, 881 S.W.2d 946, 951 (Tex. App.སྭCorpus Christi 1994, pet. ref’d).  By including the term “or” in the charge, the charge permitted the jury to find appellant guilty of attempted capital murder if he 
either
 (1) entered Aslinger’s residence without her consent 
or
 (2) threatened her, 
or
 (3) cut her with a knife.  None of these three acts standing alone satisfies the elements of burglary, which the jury must find before appellant can be found guilty of attempted capital murder.  
See 
Tex. Penal Code Ann.
 30.02(a)(1); 
Rodriguez
, 146 S.W.3d at 676.  Based on the facts and theory of this case, the application paragraph of the charge should have required the jury to find that appellant (1) entered Aslinger’s residence without her consent 
and
 (2) threatened her or (3) cut her with a knife.  

 We hold that the trial court erroneously charged the jury because the charge allowed the jury to find appellant guilty of attempted capital murder without finding that he committed the acts constituting all of the elements of the predicate offense of burglary.   

E.  Harm Analysis

Having found error, our next inquiry is to determine whether the error was harmful.  
See Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  Appellant claims that the error was harmful because the acts listed in count I of the application paragraph of the charge did not constitute the offense of attempted capital murder of which he was convicted.

Appellant properly objected to the error in the court’s charge.  Therefore, the error requires reversal if the error was “calculated to injure the rights of [the] defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza
, 686 S.W.2d at 171; 
Bell
, 169 S.W.3d at 394.  In other words, a properly preserved error will call for reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

Accordingly, we will first look at the entire charge.  
See Almanza
, 686 S.W.2d at 171. The abstract paragraph correctly defined the offense of attempted capital murder.  
See 
Tex. Penal Code Ann.
 §§ 15.01(a), 19.03(a)(2).  The abstract paragraph stated that a person commits attempted capital murder when the person “does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended” and that a person commits capital murder when the person “intentionally commits the murder in the course of committing or attempting to commit burglary.”  Additionally, the abstract paragraph provided that burglary occurs when, “without the effective consent of the owner, the person intentionally or knowingly enters a habitation and commits or attempts to commit an assault.”   However, as previously discussed, the application paragraph for attempted capital murder did not correctly apply the definition of burglary to the facts of this case.  In the application paragraph, the charge provided that appellant could be found guilty of the offense if he attempted to commit the offense of capital murder and he “entered the residence of Penney Aslinger without her effective consent, 
or
 threatened her 
or
 cut her.”  [Emphasis added.] The charge misstates the elements of burglary by including an “or” in between the elements of appellant entering Aslinger’s apartment and threatening her or cutting her.  
See 
Tex. Penal Code Ann.
 § 30.02(a)(1); 
see, e.g.,Gregg
, 881 S.W.2d at 951.  The charge should have stated that appellant entered the residence of Penney Aslinger without her effective consent, 
and
 threatened her or cut her. 

We must now examine the argument of counsel.  
See Bell
, 169 S.W.3d at 394.  During the State’s closing argument in regard to attempted capital murder, the prosecutor stated, 

We charged that [appellant] did an act, and in your Charge it says he entered her residence, or threatened her, or cut her with a deadly weapon.  

Now, you don’t have to agree on those three issues. 
 Now, your decision has to be unanimous as to the count, but if three or four of you think that he entered the residence without her consent, and another couple of you think that he cut her, and then another couple of you think that he threatened her, that is sufficient for you to find him guilty beyond a reasonable doubt as to that count.  [Emphasis added.]

During closing argument, the State clearly misstated the elements of attempted capital murder.  The State’s argument urged the jury to find appellant guilty of attempted capital murder if he 
either
 entered Aslinger’s apartment without her consent, or threatened her with a knife, or cut her with a knife.  These acts do not constitute separate manner and means of committing one offense.  
Cf.
 
Kitchens v. State
, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 958 (1992) (holding if indictment alleges different methods of committing the 
same
 offense in the conjunctive (“and”), it is not improper to submit the different methods to the jury in the disjunctive (“or”)). 

Accordingly, after examining the record, including the charge and argument of counsel, we hold that it was harmful error for the charge on count I to include language that permitted the jury to find appellant guilty of attempted capital murder without finding that he committed acts constituting all of the elements of that offense.  Therefore, we sustain appellant’s second point.
(footnote: 3)  We reverse appellant’s conviction for attempted capital murder and remand the case to the trial court for a new trial on count I of the indictment.

V.  Conclusion

Having sustained appellant’s second point, we reverse the judgment of the trial court as to count I and remand the cause for a new trial.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 12, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
The indictment alleged that the attempted murder was committed during the course of a burglary, thus elevating the charge to attempted capital murder.  
See
 Tex. Penal Code Ann.
 § 19.03(a)(2) (Vernon Supp. 2005).  

3:
In appellant’s third and fourth points, he complains that the trial court committed fundamental error under state law and fundamental due process error because the charge permitted the jury to find him guilty of attempted capital murder without finding beyond a reasonable doubt as to the aggravating circumstance of burglary.  However, because we hold that the trial court erred by including the disjunctive language in the charge, we need not consider these points.  
See 
Tex. R. App. P.
 47.1.