Opinion issued February 28, 2008














     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01024-CR




BRUCE GLENN MILNER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 49995




O P I N I O N

          A jury convicted appellant, Bruce Glenn Milner, of murdering his estranged
wife and assessed his punishment at life in prison and a $10,000 fine. In his sole
issue, appellant argues that the trial court erred in refusing appellant’s timely request
that the jury be instructed on the provisions of Article 38.36 of the Texas Code of
Criminal Procedure.
          We affirm.
Background
          Appellant shot and killed his estranged wife while the wife and appellant’s
mother were supposed to be exchanging custody of the couple’s children pursuant to
a court-ordered custody arrangement. At trial, evidence regarding the previous
relationship between appellant and his estranged wife was admitted before the jury. 
The jury heard a videotaped confession in which appellant stated that he visited the
custody exchange intending to observe, but when he saw his estranged wife, he just
“snapped” and shot her. The videotaped confession also contained information about
the strained relationship between appellant and his wife. The jury heard other
evidence of appellant’s relationship with his estranged wife, including charges filed
against appellant by his wife in Harris County, charges that appellant had filed against
his wife, and information about the wife’s relationships with other men. This
evidence was admitted either during the State’s case-in-chief without objection from
appellant or by appellant himself.
          At the charge conference during the guilt-innocence phase of the trial,
appellant requested that trial court include the following jury instruction tracking the
language of Article 38.36 of the Texas Code of Criminal Procedure:



You are instructed that you may consider all relevant facts and
circumstances surrounding the killing, if any, and the previous
relationship existing between the accused and the deceased, if any,
together with all relevant facts and circumstances going to show the
condition of the mind of the accused at the time of the offense, if any.
 
The trial court denied the request, but included in its charge to the jury the general
admonishment:
You are limited in your deliberations upon a verdict to the consideration
and discussion of such facts and circumstances only as were admitted in
evidence, or as are reasonably deducible from the evidence, and no juror
is permitted to communicate to any other juror anything she or he may
have heard regarding the case or any witness therein, from any source
other than the witness stand. In deliberating on the cause you are not to
refer to or discuss any matter or issue not in evidence before you, nor
talk about this case to anyone not of your jury.
 
The jury convicted appellant and assessed his punishment at life in prison.
Analysis
          We review jury charge error in a two-step process. Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005). First, we determine whether error exists in the
charge. Id. If there is error, we then review the record to determine whether
sufficient harm was caused by the error to require reversal of conviction. Id.
          Article 38.36(a) of the Texas Code of Criminal Procedure states:
In all prosecutions for murder, the state or the defendant shall be
permitted to offer testimony as to all relevant facts and circumstances
surrounding the killing and the previous relationship existing between
the accused and the deceased, together with all relevant facts and
circumstances going to show the condition of the mind of the accused
at the time of the offense.

Tex. Code Crim. Proc. Ann. art 38.36(a) (Vernon 2005). Article 38.36 has had
several predecessors, the most recent of which was Texas Penal Code section 19.06. 
See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 7.03, 1993 Tex. Gen.
Laws 3586, 3614 (amended 1994) (current version at Tex. Code Crim. Proc. Ann.
art. 38.36 (Vernon 2005)). Section 19.06 differed from Article 38.36 only in that it
applied to prosecutions for manslaughter as well as murder. See id.; Smith v. State,
5 S.W.3d 673, 677 (Tex. Crim. App. 1999).
          Many courts have held that the rule stated in Article 38.36 and its predecessors
is a rule of evidence


 and that the trial court is not required to give an instruction on
it to the jury. Huizar v. State, 720 S.W.2d 651, 654 (Tex. App.—San Antonio 1986,
pet. ref’d); Gold v. State, 691 S.W.2d 760, 764 (Tex. App.—El Paso 1985), aff’d 736
S.W.2d 685 (Tex. Crim. App. 1987); see also Roberson v. State, 144 S.W.3d 34, 42
(Tex. App.—Fort Worth 2004, pet. ref’d) (holding that giving an instruction on
Article 38.36 is not mandatory). It is not improper to give such an instruction. 
Valentine v. State, 587 S.W.2d 399, 401–02 (Tex. Crim. App. 1979). However, it is
not reversible error to refuse to do so.


 Roberson, 144 S.W.3d at 42; Huizar, 720
S.W.2d at 654; see also Gold, 691 S.W.2d at 764.
          The jury was adequately charged with the general instruction from the trial
court that it should limit its consideration to the facts and circumstances only as they
were admitted in evidence or were reasonably deducible from the evidence. See
Huizar, 720 S.W.2d at 654 (noting that where trial court permitted evidence
contemplated by Article 38.36 it was not necessary also to give charge thereon and
holding, “The [general] charge in the instant cause adequately directed the jury on the
evidence presented”); Gold, 691 S.W.2d at 764 (“[T]he jury is adequately charged
with their general instructions concerning assessment of evidence presented during
trial.”). We conclude that the jury charge contained no error. Because there was no
error in the charge, we do not need to address whether appellant suffered any harm. 
See Ngo, 175 S.W.3d at 743.
Conclusion
          We affirm the judgment of the trial court.
 
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.
Publish. Tex. R. App. P. 47.2(b).