**Edward Lee PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–85–0004–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 29, 1985.

Marvin Williams, Jr., Wischkaemper & Martinez, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., Ruth Cantrell, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of murder, Tex. Penal Code Ann. § 19.02(a)(1) (Vernon 1974), and sentenced to ten years in the penitentiary. By one ground of error, he contends the trial court erred in refusing to charge the jury on the lesser included offense of voluntary manslaughter. We agree, and reverse and remand.

Because our concern is whether the evidence raised the issue of voluntary manslaughter, we will review only the evidence pertinent to that issue. Appellant was convicted of murdering Johnny Cleveland Ross by stabbing him with a knife. On the night of the killing appellant, his sister Mattie Mae Robinson, her boyfriend Lonnie Portee, and a friend named Alice Mae Doss went to the Fun House in Lubbock. Appellant's sister testified that soon after arrival she and Doss joined appellant and Portee in the video arcade room. While appellant was playing Pac-Man, the decedent walked to him and said, "Man, I want to talk to you." Appellant asked the decedent what he wanted to talk about. The deceased told appellant he would find out if he would go outside. Appellant then told the decedent, "Well, man, I'm playing my game." At that time, the decedent slapped appellant across the face with an open hand and struck appellant a second time when appellant tried to stand up. They started fighting but were ejected from the building, along with Portee. Appellant's sister followed them outside and got into a fight with decedent's wife while appellant and Portee were beating on the decedent with a pool cue.

Doss testified that the four of them were around a Pac-Man machine that night when the decedent, in an angry voice, told appellant he wanted to talk to him. She said appellant told the decedent that he would talk when he finished the game. Doss

stated that the decedent then hit appellant twice with his hand or fist and that both of them fell to the ground and started fighting. The proprietors took Portee and appellant outside and the decedent followed. Doss said she saw "something" in appellant's hand when he was outside. She testified that appellant's sister went to decedent's wife after they were outside and started fighting with her. When the women stopped fighting, Doss and appellant's sister started to their car and Portee and appellant joined them.

There was also testimony from a bystander that, as appellant was being ejected from the Fun House, he grabbed a pool cue and told Portee, "That's all right, man, when he come outside he's going to get beat to death."

At the conclusion of the fight between appellant, Portee, and the decedent, appellant and Portee departed and left the decedent lying on the ground. Police and an ambulance were called and the decedent was taken to a hospital but he did not survive the beating. A pathologist who performed an autopsy testified that he found four stab wounds in the decedent, including one that completely punctured the heart, and also observed a virtually amputated hand and various other cuts and bruises.

▇▇▇▇▇ The issue, then, is whether the foregoing evidence entitled the defendant to a voluntary manslaughter charge. It is axiomatic that an accused is entitled to an instruction on every issue raised by the evidence, whether produced by the defense or the State, and whether unimpeached, contradicted, strong, or weak. *Lugo v. State*, 667 S.W.2d 144 (Tex.Crim.App.1984); *Thompson v. State*, 521 S.W.2d 621 (Tex. Crim.App.1974); *Steen v. State*, 88 Tex. Crim. 256, 225 S.W. 529 (1920). The credibility of the evidence and its conflict with other evidence may not be considered in determining whether a defensive instruction on a lesser included offense should be given because it is the jury's duty to determine whether the evidence establishes the lesser included offense. *Moore v. State*,

574 S.W.2d 122, 124 (Tex.Crim.App.1978). Where the evidence raises the issue, and the accused requests a charge, the failure of the court to submit the issue is reversible error. *Bravo v. State*, 627 S.W.2d 152, 157 (Tex.Crim.App.1982); *Roberts v. State*, 590 S.W.2d 498, 500 (Tex.Crim.App.1979).

Voluntary manslaughter, on which appellant requested a charge, is established by section 19.04(a) of the Texas Penal Code Annotated (Vernon 1974) and is defined as the causing of the death of another person under circumstances that would constitute murder, except that the defendant caused the death under the immediate influence of sudden passion arising from an adequate cause. The terms "sudden passion" and "adequate cause" are defined as follows:

> "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

> "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

Section 19.04(b) and (c) of the Texas Penal Code.

Although we do not find a recent Court of Criminal Appeals case in point, decisions under prior law indicate that an unprovoked assault by the decedent may be sufficient to raise the issue of voluntary manslaughter. *See, e.g., McCartney v. State*, 542 S.W.2d 156, 160 (Tex.Crim.App.1976); *Ray v. State*, 515 S.W.2d 664, 666–67 (Tex. Crim.App.1974). The recent Austin Court of Appeals decision in *Ruiz v. State*, 691 S.W.2d 90 (Tex.App.—Austin 1985, no pet.) is consistent with that view, approving submission of a voluntary manslaughter charge when the defendant shot a bar bouncer after he was assaulted by the bouncer.

■ Based on the wording of the statute and the reasoning of the cited cases, we have concluded that the charge was required under this record. The decedent struck appellant twice in the face, apparently hard and apparently without warning or provocation. That encounter caused appellant to get a pool cue and tell his companion he was going to beat the decedent to death, and led immediately to the fatal fight. Those events are sufficient to raise a fact question of the mitigating elements of section 19.04, *supra.* The jury could have found that although appellant murdered the decedent, he did so while acting under passion directly caused by the decedent and unprovoked by the appellant and the decedent's provocation caused anger, rage, or resentment in appellant sufficient to render his mind incapable of cool reflection. Appellant's ground of error is sustained.

The judgment is reversed and the case is remanded to the trial court.