In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00240-CR


______________________________




DARELL JAMES LARSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 20230




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 The police found the body of Roy Lee Williams lying in a pool of blood with multiple stab
wounds and a slit throat. (1) Just before his death, Williams had asked a neighbor, Darell James
Larson, to purchase marihuana for him. Believing Larson had taken his money in the past and had
claimed to have been robbed, Williams had asked that he be allowed to accompany Larson to make
the purchase.

 A jury found Larson guilty of murder and assessed punishment at forty-two years'
imprisonment. On appeal, Larson claims the trial court erred by denying a requested jury instruction
on sudden passion and by denying requested lesser-included offense instructions on aggravated
assault and criminally negligent homicide. Because (1) the trial court did not err in denying an
instruction on sudden passion and (2) a lesser-included offense instruction was not required, we
affirm the conviction.

(1) The Trial Court Did Not Err in Denying an Instruction on Sudden Passion

 At the punishment stage of a trial for murder, a defendant may argue "that he caused the
death while under the immediate influence of sudden passion arising from an adequate cause. If he
establishes that he did so by a preponderance of the evidence, the offense level is reduced from first
degree to second degree and the ensuing punishment range reduced." Trevino v. State, 100 S.W.3d
232, 237 (Tex. Crim. App. 2003). "Sudden passion" is defined as "passion directly caused by and
arising out of provocation by the individual killed or another acting with the person killed which
passion arises at the time of the offense and is not solely the result of former provocation." Tex.
Penal Code Ann. § 19.02(a)(2) (Vernon 2003). "Adequate cause" means "cause that would
commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper,
sufficient to render the mind incapable of cool reflection." Tex. Penal Code Ann. § 19.02(a)(1)
(Vernon 2003). If a defendant presents some evidence raising the issue of sudden passion, he or she
is entitled to an instruction on this mitigating circumstance, even if the evidence raising such an issue
is contradicted, weak, impeached, or unbelievable. Trevino, 100 S.W.3d at 238; see Granger v.
State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). 

 The question here is whether there was any evidence (2) from which a rational juror could infer
such passion. See Moore v. State, 969 S.W.2d 4, 11 (Tex. Crim. App. 1998). To raise the issue of
sudden passion, there must be some evidence of both: (1) a legally adequate cause which would
produce an emotional state sufficient to render an ordinary person "incapable of cool reflection"; and
(2) the accused's agitated state of mind arising from direct provocation at the hands of the victim at
the time of the killing. Perez v. State, 940 S.W.2d 820, 822 (Tex. App.--Waco 1997, no pet.).

 Evidence of fear alone, or self-defense, is not sufficient evidence to raise the issue of sudden
passion. An actor who fears for his or her life may still act coolly and deliberately. See Fry v. State,
915 S.W.2d 554, 559 (Tex. App.--Houston [14th Dist.] 1995, no pet.). For fear or anger to rise to
the level of sudden passion, the defendant's mind must be rendered incapable of cool reflection. See
Gonzales v. State, 717 S.W.2d 355, 357 (Tex. Crim. App. 1986); see also Merchant v. State, 810
S.W.2d 305, 310 (Tex. App.--Dallas 1991, pet. ref'd). Testimony that a defendant became enraged,
resentful, or terrified immediately before the shooting adequately indicates such a state of mind. 
Havard v. State, 800 S.W.2d 195, 217 (Tex. Crim. App. 1989) (op. on reh'g).

 Larson argues an "unprovoked attack" by the decedent is sufficient to raise the issue of
sudden passion. According to Larson, Williams attacked him without provocation. Larson testified
as follows:

 Q. [Defense Counsel:] Who was in front -- were ya'll walking side by side? 


 A. [Larson:] I was leading. I knew the way to go.


 Q. What was Roy Lee doing?


 A. He was walking behind me.


 Q. Did he have any problems keeping up with you?


 A. No, sir.


 . . . .


 Q. Anything unusual happen while you were walking in that alleyway?


 A. I remember getting hit in the back of the head.


 Q. Was there anybody else in that alleyway that you saw?


 A. Not that I saw, no, sir.


 Q. Who was the only person there that you knew was there?


 A. Roy Williams.


 Q. When you got hit in the back of the head, where was Roy Williams?


 A. To my recollection, he was still behind me.


 Q. How hard did you get hit in the back of the head?


 A. I blacked out. I mean I was hit hard.


 . . . .


 Q. What did you do in response to getting hit in the back of the head?


 A. I don't remember.


 . . . .


 Q. What's the next thing you remember?


 A. I remember running and seeing the knife in my hand and the blood and I
could see the dumpster and I threw the knife in the dumpster.


Larson admitted smoking crack cocaine an hour before leaving with Williams, but was not sure if
he was still high when he left with Williams. 

 Larson cites several cases (3) in an effort to support his argument that evidence of an
unprovoked attack is sufficient to raise the issue of sudden passion. See Ruiz v. State, 753 S.W.2d
681 (Tex. Crim. App. 1988); Medlock v. State, 591 S.W.2d 485 (Tex. Crim. App. [Panel Op.] 1979);
Ray v. State, 515 S.W.2d 664, 667 (Tex. Crim. App. 1974); Perez v. State, 940 S.W.2d 820 (Tex.
App.--Waco 1997, no pet.); Gonzales v. State, 838 S.W.2d 848 (Tex. App.--Houston [1st Dist.]
1992), pet. dism'd, improvidently granted, 864 S.W.2d 522 (Tex. Crim. App. 1993); Merchant v.
State, 810 S.W.2d 305 (Tex. App.--Dallas 1991, pet. ref'd); Phillips v. State, 700 S.W.2d 18 (Tex.
App.--Amarillo 1985, pet. ref'd). These cases, though, are distinguishable from the current case
because they all contain some evidence that the defendant in each case was provoked by adequate
cause, reacted to the provocation, and was not capable of cool reflection. (4) The Texas Court of
Criminal Appeals has explicitly required more than just evidence the defendant was attacked. "The
mere fact that a defendant acts in response to the provocation of another is not sufficient to warrant
a charge on sudden passion. Instead, there must be some evidence that the defendant was under the
immediate influence of sudden passion." Trevino, 100 S.W.3d at 241.

 Larson also directs our attention to the opinion of the Corpus Christi Court of Appeals in
Schroeder v. State, 133 S.W.3d 654 (Tex. App.--Corpus Christi 2003), rev'd, 123 S.W.3d 398 (Tex.
Crim. App. 2003). In Schroeder, the defendant alleged the trial court erred in failing to instruct the
jury concerning manslaughter. (5) Id. Schroeder claimed his testimony that he blacked out was some
evidence he recklessly caused the death of the victim. Id. The Corpus Christi Court of Appeals held
that Schroeder's testimony that he blacked out, along with other corroborating evidence, was some
evidence of manslaughter. Id. The Texas Court of Criminal Appeals, though, disagreed and held
the testimony by Schroeder that he blacked out was no evidence of the less culpable mental state of
recklessness. Schroeder, 123 S.W.3d at 401.

 Similarly, Larson's testimony that he blacked out is no evidence that Larson's mind was
rendered incapable of cool reflection. In fact, the record does not even contain evidence that Larson
was scared at the time the murder was committed. Larson points to the following testimony as
evidence of sudden passion:

 Q. [Defense Counsel:] Why did you blackout [sic]?


 A. [Larson:] I don't know if it was from getting hit so hard or what. I mean I
don't know exactly what happened.


 Q. Were you scared?


 A. When I finally realized what was in my hand, yes, sir.


 . . . .


 Q. If you were not provoked, would you have hit back?


 A. No, sir.

 

The only indication in the record that Larson was scared occurred when he saw the bloody knife in
his hand after he had stabbed Williams seven times. Larson testified he was scared then because he
thought he "might have killed a man." Because there is no evidence from which a rational juror
could infer that Larson was incapable of cool reflection at the time of the murder, we overrule
Larson's first point of error. 

(2) A Lesser-Included Offense Instruction Was Not Required

 Larson contends the trial court erred in denying the requested lesser-included offense
instructions on aggravated assault with a deadly weapon or on criminally negligent homicide. 
According to Larson, there was evidence Larson lacked the intent to kill Williams or acted with only
criminal negligence.

 We use a two-part test to determine if a lesser-included offense instruction should be given. 
A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is included within the
proof necessary to establish the offense charged, and (2) there is some evidence that would permit
the jury rationally to find that, if the defendant is guilty, he or she is guilty only of the lesser offense. 
Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); Rousseau v. State, 855 S.W.2d 666,
673 (Tex. Crim. App. 1993); see Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). The
evidence must establish the lesser-included offense as a valid rational alternative to the charged
offense. Wesbrook, 29 S.W.3d at 113; Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App.
1997). Because the second prong of the test is dispositive here, we will focus on that prong.

 As discussed above, the Texas Court of Criminal Appeals has specifically held the inability
of a defendant to remember causing the death of a victim does not entitle the defendant to an
instruction on the lesser-included offense of manslaughter. Schroeder, 123 S.W.3d at 401. The only
significant difference between negligent homicide and manslaughter is that manslaughter requires
a culpable mental state of recklessness, while negligent homicide requires merely criminal
negligence. Compare Tex. Penal Code Ann. § 19.04 (Vernon 2003) with Tex. Penal Code Ann.
§ 19.05 (Vernon 2003). A logical extrapolation of Schroeder would establish a rule that an inability
to remember causing the death of a victim does not entitle the defendant to an instruction on the
lesser offense of negligent homicide. If an inability to remember does not raise a fact issue
concerning whether the defendant acted recklessly, it certainly would not raise a fact issue as to
whether the defendant acted with criminal negligence. 

 Similarly, Larson's inability to remember does not raise the issue of whether he was guilty
of only aggravated assault with a deadly weapon. A person commits aggravated assault with a
deadly weapon if he or she intentionally, knowingly, or recklessly causes bodily injury to another
while using a deadly weapon. See Tex. Penal Code Ann. §§ 22.01(a), 22.02(a) (Vernon Supp.
2006). Thus, in order to be entitled to an instruction concerning the lesser-included offense of
aggravated assault, there must be some evidence from which a rational juror could conclude Larson
lacked the intent to kill. An "inability to recall actually stabbing" the victim does not provide
evidence of a lack of intent to kill. Martin v. State, No. 04-03-00014-CR, 2004 Tex. App. LEXIS
4260, at *7 (Tex. App.--San Antonio May 12, 2004, pet. ref'd) (mem. op., not designated for
publication) (no error in refusing lesser-included offense instruction on aggravated assault); see
Schroeder, 123 S.W.3d at 401. Larson has failed to direct this Court to any evidence that would
allow a rational juror to find that, if Larson was guilty, he was guilty only of aggravated assault with
a deadly weapon or guilty only of negligent homicide. We overrule Larson's second and third points
of error.

 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 18, 2006

Date Decided: January 23, 2007


Do Not Publish
1. Williams had seven wounds: a stab wound on the top of his head, a cut on his lip, a slash
mark on the left arm, a stab wound penetrating the right lung, a five and one-fourth inch stab wound
in the upper right chest, a stab wound which pierced the sternum, and a five and one-half inch long
cut on the throat. 
2. There is no requirement that evidence admitted at the guilt/innocence phase of trial be
reoffered during the punishment phase of trial to be considered at punishment. Trevino, 100 S.W.3d
at 238. Evidence on a punishment issue will often come out in the course of the State's own
evidence regarding the circumstances of the offense itself, at the guilt/innocence phase of trial. Id.
3. Most of these cases were decided before the effective date of the 1994 amendment to Section
19.02. Before September 1, 1994, "sudden passion arising from an adequate cause" was an element
of the offense of voluntary manslaughter. See Act of May 23, 1987, 63rd Leg., R.S., ch. 399, 1973
Tex. Gen. Laws 883, 913, amended by Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3614. The current definitions of sudden passion and adequate cause are
identical to those set forth in the former voluntary manslaughter statute. Compare Tex. Penal Code
Ann. § 19.02(a) (Vernon 2003) with Act of May 23, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen.
Laws 883, 913 (former Tex. Penal Code Ann. § 19.03). Because of the similarities between
sudden passion and voluntary manslaughter, prior decisions concerning voluntary manslaughter are
relevant under certain circumstances. See Saldivar v. State, 980 S.W.2d 475, 505 (Tex.
App.--Houston [14th Dist.] 1998, pet. ref'd).
4. In Ray, the defendant was convicted of assault with intent to murder with malice
aforethought. Ray, 515 S.W.2d at 667. The defendant testified the deceased struck him after
uttering, "You black son-of-a-bitch you, I'll knock the damn hell out of you." Id. at 665. The
defendant testified that he did not intend to kill the deceased and that he shot the deceased only
because the decedent had attacked him. Id. The Texas Court of Criminal Appeals held the trial
court erred in refusing the requested instruction of assault with intent to murder without malice. Id.
at 667.


 In Medlock, the defendant was convicted for shooting her husband and a waitress at a club. 
Medlock, 591 S.W.2d at 486. Medlock and the deceased were in the process of a volatile divorce. 
Id. The deceased had previously threatened to kill Medlock and was known to carry a gun. Medlock
testified she had shot at her husband after he stared at her in a threatening manner, came over and
grabbed her by the neck, and said, "Let's go. I'm going to get you." Medlock testified that she was
terrified by the deceased's behavior. The court held that the victim's direct provocation and
Medlock's fear were enough to raise the issue of sudden passion. Id. at 487.

 Ruiz is not even remotely on point. In Ruiz, the defendant shot a bouncer at a club after the
bouncer assaulted him. Ruiz, 753 S.W.2d at 682. The trial court did instruct the jury on voluntary
manslaughter, but failed to instruct the jury that there must be an absence of "sudden passion" in
order to find Ruiz guilty of murder. On appeal, the State did not dispute that the evidence raised the
issue of sudden passion. Id. The Texas Court of Criminal Appeals held the trial court erred because,
at that time, the State was required to prove an absence of "sudden passion." Id. at 683. Because
of the changes in the law and the factual differences between Ruiz and the current case, Ruiz has no
relevance.

 In Perez, Gonzales, Merchant, and Phillips, there was some evidence of both adequate cause
and the accused's agitated state of mind. See Perez, 940 S.W.2d at 823; Gonzales, 838 S.W.2d at
848; Merchant, 810 S.W.2d at 307; Phillips, 700 S.W.2d at 19. 
5. Before 1994, the offense of recklessly causing the death of an individual was referred to as
involuntary manslaughter. See Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.
Laws 3586, 3614.